# Smith, Appellant, v. Roydhouse, Arey & Company.

*Negligence—Joint tort feasors — Covenant not to sue one — Building operation—Subcontractors—Safe place to work—Master and servant—Judgment n. o. v.*

1. In an action to recover damages for personal injuries inflicted upon plaintiff through the negligence of a contractor or one or the other of two subcontractors, under circumstances not making it clear whose was the negligence which caused the injury, judgment is properly entered for defendant n. o. v., where it appeared that plaintiff had released the subcontractors from liability for his injury, in consideration of the payment of a sum of money, and at the trial did·not offer any evidence to show that the subcontractors and the defendant contractor were not joint tort feasors. The burden of proving such fact rests upon the plaintiff in such case, and if not discharged there can be no recovery.

2. In an action by an employee against his employer to recover damages for personal injuries sustained by plaintiff in consequence of the fall of a brick from one of the upper floors of the building in which he was working, where the circumstances were such that the fall might have been caused by the negligence either of the general contractor of the building, or one of two subcontractors, it appeared at the trial that plaintiff had accepted $2,500 from the two subcontractors, giving to them an agreement to save them harmless "from any and all loss growing out of the said accident and injury to me." Plaintiff offered no evidence to show that the negligence was not, the joint act of the defendant contractor and the subcontractors, who had been released from liability. *Held*, the burden was on the plaintiff to prove this fact, and in the absence of evidence to show it, judgment was properly entered for defendant n. o. v.

Argued Jan. 15, 1914. Appeal, No. 300, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1911, No. 1541, for defendant n. o. v. in case of Harry G. Smith v. Roydhouse, Arey & Company, a Corporation. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,000. Subsequently on motion the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was, inter alia, the entry of judgment for defendant n. o. v.

*John J. McDevitt, Jr.,* with him *John C. Bell,* for appellant.

*Charles S. Wesley,* of *Tustin & Wesley,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 23, 1914:

The action was for the recovery of damages for serious personal injury sustained by the plaintiff 24th February, 1911, under the following circumstances: The defendant company was the general contractor for the erection of an eight-storied concrete building at 821 Arch street, in the City of Philadelphia. The Franklin M. Harris Company were subcontractors for the brick work, and the Turner-Forman Concrete Company was the subcontractor for the concrete work in connection with the construction of said building. The plaintiff was in the employ of the general contractor and at the time of the accident was engaged in clearing away rubbish from a certain portion of the basement, preparing it for some concrete work there required. The point where he was at work was close to a hoistway, temporarily used for

carrying bricks to the workmen on the upper floors of the building, but intended to be occupied later on by a permanent freight elevator; to the side of this hoist was an open space in the floors above through which ran ladders to admit of access to the upper floors. While plaintiff was engaged in this work he was suddenly felled by a blow on the head. No one saw the immediate happening of the accident. The theory advanced by plaintiff in regard to it was that he had been struck by a brick, or a piece of a brick, which had fallen from the third or fourth floor above, where the brick layers were at work, through the open space in the floors. A piece of brick sufficient to have caused the injury was found close to the point where plaintiff was at work when struck, and there was testimony that it had not been there before the accident. The negligence charged to the defendant was failure to provide plaintiff a reasonably safe place in which to work, in that the openings in the floors through which the brick fell which struck the plaintiff were uncovered. Among other matters in the defense set up, the defendant offered in evidence a certain paper signed by the plaintiff which recited that in consideration of $2,500 paid him, the latter agreed to bring no suit against the subcontractors for or on account of his injuries received. The trial having resulted in a verdict for the plaintiff, a motion for a new trial and judgment non obstante followed, one of the grounds assigned being that the receipt of the money by the plaintiff and his agreement to bring no suit against the subcontractors, was a bar to his recovery against the defendant. The court on fuller consideration agreeing with the view urged by the defendant, sustained the motion and directed judgment for the defendant non obstante.

The paper admitted in evidence reads as follows: "In consideration of the sum of $2,500 I do hereby agree to bring no suit against Franklin M. Harris & Company and the Turner-Forman Concrete Steel Company for or

on account of the injuries received by me from an accident which occurred on or about the 24th day of February, 1911, at or near 821 Arch street, Philadelphia, and I do further covenant and agree to save harmless the said Franklin M. Harris & Company or the Turner-Forman Concrete Steel Company from any and all loss growing out of the said accident and injury to me. Dated this fifteenth day of September, A. D. 1911. (Signed) Harry G. Smith. (Seal)." This paper having been admitted in evidence, defendant called upon the stand John J. McDevitt, Esq., counsel for the plaintiff. Before being sworn defendant's counsel made the following offer: "I offer to prove by this witness, that on the 15th day of September, 1911, as attorney for Harry G. Smith, and on the latter's behalf, he accepted the sum of $2,500 from Franklin M. Harris & Company and the Turner-Forman Concrete Steel Company, as a payment in relation to injuries received on the 24th of February, 1911, in the accident which has been described here by the plaintiff and his witnesses to-day, and for the same injuries described by the plaintiff to-day." This admission followed and was made part of the record: "I will admit that a certain purchase of peace, or covenant not to sue, was entered into, and that we distinctly reserved any right that we had against any of the other parties concerned." Defendant's counsel being unwilling to accept as part of the admission a volunteered explanation, Mr. McDevitt was duly sworn as a witness. He was then asked this question, "I show you a paper identified by the plaintiff while on the stand, in which reference is made to an accident occurring on the 24th of February, 1911, and to injuries received at that time, and ask you whether or not that is the accident and the same injuries that were described here to-day by the plaintiff in his suit against the Roydhouse, Arey & Company?" The witness answered, "It was the same accident, but the relationship of the parties was not the same, and when this paper was executed we distinctly

reserved our rights." We have then these facts established: The injury for which plaintiff here seeks recovery is the identical injury occasioned by the same accident for and on account of which the plaintiff, in consideration of $2,500 paid him, agreed not to sue F. M. Harris & Company and the Turner-Forman Concrete Steel Company, and to save harmless these parties from any and all loss growing out of the same. Aside from this paper it cannot be said that the evidence discloses anything from which a joint negligence as between these parties and the defendant, may be inferred; on the other hand, it is entirely clear that while the evidence established the defendant's negligence to the satisfaction of the jury, neither the evidence nor the verdict exculpates the subcontractors. For all that appears the negligence of the subcontractors may have concurred with that of the defendant in producing the result. It is the contention of appellant here, just as it was in Peterson v. Wiggins, 230 Pa. 631, a close parallel, that in this collateral issue the burden was on the party asserting the bar to show that the negligence of the party released concurred with that of his own in producing the injury complained of; in other words, that the party released was a joint tort feasor. In that case we did not deem it necessary to pass on the question raised, for the reason that if such burden did rest on the defendant, he had fully discharged it by establishing a prima facie case which had been in no way rebutted. That this case calls for a like ruling will be made clear by a brief reference to the facts on which that case was decided. That was an action against John W. Wiggins & Company, charging them with negligently causing the death of plaintiff's husband. On the trial of the case the following admission was entered on the record, "I will admit that the plaintiff in this case, in addition to the present suit, brought a suit against Shoemaker & Company, and that Mr. Wiley, representing Shoemaker & Company, paid him $500 for an order to discontinue, settle and end the

suit of Matilda Peterson against Lewis G. Shoemaker, Court of Common Pleas No. 5, December Term, 1913, No. 719." This was followed by an offer of the record in the case referred to, which showed that a suit was for the same cause of action exactly. We held the record of the case against Shoemaker & Company, considered in connection with the admission entered upon the record, established a prima facie case, and that the burden then shifted to the plaintiff to show, if she could, that notwithstanding the admission on record, the defendant's negligence alone occasioned the injury. We repeat, that case is a close parallel to this, quite too close to admit of legal distinction. The only difference between them is, that there an earlier suit had been brought against another to recover for the identical cause of action. Here the suit against the other had only been threatened, but was threatened for the same cause as that for which the earlier had been brought. The result in each was exactly the same; in that case the party bought exemption from liability after being sued, while in this the party bought exemption before being sued. The act that operated as a bar to the subsequent action was not the bringing of the earlier suit, but the settlement and extinguishment of the cause of action by receiving money from one charged with the negligence which occasioned the injury for which compensation was claimed. If the evidence in the case referred to established a prima facie case on this collateral issue, no less certainly did the paper signed by the plaintiff and introduced in this case, releasing the subcontractors from liability for the same injury as that for which he subsequently brought suit against the defendant, together with the admission of record. There being nothing in rebuttal the sufficiency of the evidence was for the court. The case calls for no further discussion.

The assignments of error are overruled and the judgment is affirmed.