Masters (et al., Appellant) *v.* Philadelphia Transportation Company et al.

. Submitted November 18, 1946.. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harry R. Kozart* and *John Patrick Walsh,* for appellant.

*Ralph N. Kellam* and *Bernard J. O'Connell,* for appellees.

OPINION BY DITHRICH, J., January 17, 1947:

Howard B. Dean, one of the plaintiffs in the court below and the sole appellant here (the other plaintiff not having appealed), recovered a verdict for personal injuries sustained in a collision between an automobile in which he was a passenger and a bus of the original defendant, the Philadelphia Transportation Company.

The original defendant joined Howard C. Myers, driver of the automobile in which appellant was a passenger, as an additional defendant. The jury found for both plaintiffs and against the original defendant alone. The court below entered judgment n. o. v. and this appeal followed.

The entry of the judgment was solely because of a release given by plaintiffs to the additional defendant. The release was without consideration, but having executed it, plaintiffs assumed the burden of proving throughout the trial that the original defendant was alone liable for the injuries complained of: *Mason v.*

*Lavine, Inc.,* 302 Pa. 472, 153 A. 754; *Koller v. Pennsylvania Railroad Company,* 351 Pa. 60, 40 A. 2d 89. This burden was met by plaintiffs. The negligence of both defendants was clearly for the jury, and the jury having found for the additional defendant and against the original defendant, its verdict should not be disturbed.

The effect of the granting of the original defendant's motion for judgment n. o. v. was to declare the additional defendant negligent as a matter of law. This was palpable error. Plaintiffs' evidence was that as the automobile in which they were passengers approached the intersection of Midvale and Henry Avenues in Philadelphia, the signal light was green for Midvale Avenue traffic. When the automobile, running east on Midvale Avenue, was about 50 or 60 feet west of the intersection, the bus, running north on Henry Avenue, was about the same distance south of the intersection. The speed of both vehicles was about the same, to-wit, 20 to 25 miles per hour. The bus slowed down and as the green light was still in his favor, Myers thought the bus was about to stop in obedience to the traffic signal and that he could safely cross the intersection ahead of it. He continued to watch the bus, but instead of stopping it made a sharp left turn into Midvale Avenue and collided with the automobile when the latter was still 5 to 6 feet west of the westerly curb line on Henry Avenue extended and about 2 or 3 feet from the southerly curb on Midvale Avenue. Both sides were in substantial agreement as to where the collision took place, the only serious conflict in the testimony being as to which vehicle had the green light. The defense claimed that the light was green for Henry Avenue traffic and, as we have previously pointed out, plaintiffs claimed that Myers had the green light.

"The evidence was clearly sufficient to compel the court to submit the question of negligence of both defendants to the jury. Only a jury could say whether or not, on the evidence adduced, either or both was negli-

gent. Only a jury could reconcile the conflicts in the evidence or pass upon the credibility of the witnesses: *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, 163 A. 523": *Schnitzer v. Philadelphia Transportation Company (et al.)*, 354 Pa. 576, 47 A. 2d 709. The jury by its verdict having absolved Myers from all liability, the release given to him would not operate as a release of the tortfeasor found by the jury to be solely liable.

In our opinion, this case is ruled squarely by *Koller v. Pennsylvania Railroad Company*, supra. In that case where plaintiff for a valuable consideration, namely $4,500, released the New York Central Railroad Company from any liability resulting from a collision between one of its trains and a train of the Pennsylvania Railroad Company, the latter claimed that it too was released. The Supreme Court held that, page 64, ". . . the jury [having] found as a fact, that defendant was solely responsible for the accident . . ." it was error for the court below to enter judgment n. o. v. on the sole ground of the release to the alleged joint tortfeasor and reversed the judgment.

The case of *Mason v. Lavine, Inc.*, supra, cited by defendant as controlling here, is clearly distinguishable on the facts. There the driver of the automobile in which plaintiff was a passenger and to whom she gave a release on receiving a sum of money paid to her by his insurance carrier, was driving his car on a rainy, foggy, slippery night at a speed of between 20 and 25 miles per hour, when his visibility was limited to 15 or 20 feet, and coming out of a slight patch of fog did not see the truck with which he collided until he was within 6 to 10 feet of it and hit it with such force as to demolish his automobile beyond repair. This was his own testimony. The court held, page 479: "There being no dispute of Segal's testimony, the effect of it was for the court and the trial judge should have pronounced him negligent as a matter of law, instead of submitting that question to the jury: Smith v. Roydhouse, Arey &

Co., 244 Pa. 474; Peterson v. Wiggins, 230 Pa. 631; Brayman v. DeWolf, 97 Pa. Superior Ct. 225, 229. The release itself, growing out of the same accident, cast on plaintiff the burden of showing that defendant's negligence alone occasioned the injury (Peterson v. Wiggins, 230 Pa. 631; Smith v. Roydhouse, Arey & Co., 244 Pa. 474); not only did she fail to meet this burden, but *her own case disclosed that Segal was a joint tort-feasor* and that such joint negligence was the proximate cause of her injuries: Riff v. Pittsburgh Rys. Co., 298 Pa. 256." (Italics supplied.)

In *Byrne et al. v. Schultz, Inc. (Stone et al., Appellants),* 306 Pa. 427, 160 A. 125, the driver of the car in which the minor plaintiff was a passenger was held to be negligent as a matter of law where he entered an intersection relying solely upon the traffic signal and did not look to the right or left for other traffic. The court said, page 434: "He did not see the bus approaching because he did not look. *If he had looked, had seen the bus and reasonably could have expected it to stop on the signal, a very different question would have arisen. In that event he would not be held as a matter of law to be negligent."* (Italics supplied.)

The judgment is reversed and here entered in favor of plaintiff-appellant in the amount of the verdict.