## SHEPPARD v. ATLANTIC STATES GAS CO. OF PENNSYLVANIA, Inc. (PENNSYLVANIA R. CO. et al., Third-Party Defendants).

### Civil Action No. 6326.

District Court, E. D. Pennsylvania.
June 16, 1947.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

E. R. White, for John B. Martin, of Duane, Morris & Heckscher, all of Phila-

delphia, Pa., for original defendant, Atlantic States Gas Co.

Albert M. Hankin, of Philadelphia, Pa., for James A. Taylor.

J. P. Williams, of Barnes, Dechert, Price, Smith & Clark, all of Philadelphia, Pa., for Pennsylvania R. Co.

BARD, District Judge.

This case arises on third-party defendants' motions to dismiss the third-party complaint.

The plaintiff brought the present action against Atlantic States Gas Company to recover damages for injuries which he sustained as a result of a collision which occurred on January 24, 1945, between an automobile in which he was a passenger and a truck owned and operated by Atlantic States Gas Company.

Atlantic States Gas Company then brought in as third-party defendants James Taylor, the driver of the automobile in which the plaintiff was riding, and Taylor's employer, the Pennsylvania Railroad Company. The third-party complaint alleges that, at the time of the accident, Taylor was acting within the scope of his employment; that the collision was due solely to the negligence of Taylor, or, in the alternative, that the Pennsylvania Railroad Company and Taylor are jointly liable with Atlantic States Gas Company for the alleged injuries to the plaintiff.

The third-party complaint concludes with a demand for judgment against both the Pennsylvania Railroad Company and Taylor for "contribution with respect to such judgment as may be rendered against the defendant, Atlantic States Gas Company of Pennsylvania and in favor of the plaintiff."

Both the Pennsylvania Railroad Company and Taylor moved to dismiss the third-party complaint. I will consider separately their motions and the reasons assigned in support thereof.

The Pennsylvania Railroad Company alleges that on July 6, 1945, the original plaintiff, Sheppard, in consideration of $7500 paid to him by the Pennsylvania Railroad Company, executed a covenant not to sue the Pennsylvania Railroad Company for any damages arising out of the accident of January 24, 1945. A copy of the covenant not to sue, verified by one of the persons who witnessed Sheppard's signature thereto, was annexed to the Pennsylvania Railroad Company's motion to dismiss.

It is the contention of the Pennsylvania Railroad Company that the third-party complaint fails to state a claim upon which relief may be granted, because the covenant not to sue is a complete bar to any recovery by either the original plaintiff or the third-party plaintiff from the Pennsylvania Railroad Company.

It must be borne in mind that the basis for the presence of the Pennsylvania Railroad Company as a party to this action is the alleged existence of a right to contribution in favor of Atlantic States Gas Company against the Pennsylvania Railroad Company, and that the alleged right to contribution is predicated upon the existence of joint liability on the part of the original defendant and the third-party defendants. It is true that the third-party complaint alleges, in the alternative, that the third-party defendants are solely liable to the original plaintiff. However, that allegation is surplusage; if it be true that the third-party defendants are solely liable to the original plaintiff, that fact will afford no basis for a judgment against the third-party defendants in favor of the original defendant, and, furthermore, the original plaintiff has not amended his complaint to assert a claim against the third-party defendants. See Lommer v. Scranton-Spring Brook Water Service Co., D.C.M.D.Pa., 3 F.R.D. 27; Satink v. Holland Tp., D.C.N.J., 31 F.Supp. 229.

The accident out of which the present action arose occurred in Pennsylvania. The law of Pennsylvania permits contribution among joint tort-feasors. Act of June 24, 1939, P.L. 1075, 12 P.S. § 2081; Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231. Assuming for the purpose of this discussion the truth of what the third-party complaint alleges—namely, that Atlantic States Gas Company and the third-party defendants are joint tort-feasors—is Atlantic States Gas Company's right to contribution affected by the covenant not to

sue the Pennsylvania Railroad Company, executed by the original plaintiff?

The Pennsylvania Railroad Company argues that Atlantic States Gas Company's right to contribution is affected by the covenant not to sue in the sense that the right cannot arise in the instant case. The railroad says that under the law of Pennsylvania, a covenant not to sue executed in favor of one joint tort-feasor works a release of other joint tort-feasors. Therefore, says the railroad, the original plaintiff cannot recover from Atlantic States Gas Company; and since there can be no recovery from Atlantic States Gas Company, there can be no basis for the latter to demand contribution from the Pennsylvania Railroad Company.

■ In Smith v. Roydhouse, Arey & Co., 244 Pa. 474, 90 A. 919, the Supreme Court of Pennsylvania held that a covenant not to sue one of two joint tort-feasors was a bar to any subsequent recovery from the other tort-feasor for claims arising out of the same cause of action. The Court, relying on an earlier decision, Peterson v. Wiggins, 230 Pa. 631, 79 A. 767, said, 244 Pa. at page 479, 90 A. at page 920: "The act that operated as a bar to the subsequent action [against the other tort-feasor] was * * the settlement and extinguishment of the cause of action by receiving money from one charged with the negligence which occasioned the injury for which compensation was claimed."

The Smith case has been cited with approval at least four times by the Supreme Court of Pennsylvania: Conway v. Pottsville Union Traction Co., 253 Pa. 211, 97 A. 1058; Mason v. C. Lewis Lavine, Inc., 302 Pa. 472, 153 A. 754; Thompson v. Fox, 326 Pa. 209, 192 A. 107, 112 A.L.R. 550; Union of Russian Societies of St. Michael & St. George, Inc. v. Koss, 348 Pa. 574, 36 A.2d 433. It is interesting to note that each of these four cases involved a release of, rather than a covenant not to sue, one of the joint tort-feasors. I think that this very fact makes it clear that the Supreme Court of Pennsylvania recognizes no difference in the effect to be given these two instruments, insofar as recovery from other joint tort-feasors is concerned. It seems

that the legal effect follows, not from the name which is given by the parties to the particular instrument which is executed by the injured party, but from the principle underlying the rule. As the Supreme Court said in Thompson v. Fox, supra, 326 Pa. at page 213, 192 A. at page 109:

"Nor is it material whether the tort-feasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end."

■ I think that under the foregoing Pennsylvania authorities the conclusion is inescapable that, in the instant case, the third-party complaint fails to state a claim upon which relief may be granted against the Pennsylvania Railroad Company, because if it be true, as Atlantic States Gas Company alleges, that the Pennsylvania Railroad Company and Atlantic States Gas Company are joint tort-feasors, then the covenant not to sue the Pennsylvania Railroad Company executed by the original plaintiff would also bar recovery by him from Atlantic States Gas Company, and therefore the latter would have no basis for a demand for contribution from the Pennsylvania Railroad Company. Accordingly, I will dismiss the third-party complaint as to the Pennsylvania Railroad Company.

I pass now to a consideration of the motion of Taylor, the other third-party defendant, to dismiss the third-party complaint. Taylor, as I have previously stated, is the driver of the automobile in which the original plaintiff was riding at the time of the accident, at which time, the third-party complaint alleges, Taylor was acting in the course of his employment with the Pennsylvania Railroad Company.

Assuming that at the time of the accident Taylor was in fact acting within the scope of his employment, and, therefore, the Pennsylvania Railroad Company would be subject to vicarious liability to the original plaintiff for the damages he sustained, then the third-party complaint should be

dismissed as to Taylor for the same reason that it must be dismissed as to the Pennsylvania Railroad Company.

Suppose, however, that at the trial of the case, it be established that at the time of the accident, Taylor was in fact not acting within the scope of his employment, but was acting under circumstances which would not fasten vicarious liability upon his employer? In that event, a covenant not to sue executed in favor of *the Pennsylvania Railroad Company* by the original plaintiff would not preclude his recovering from Atlantic States Gas Company, and consequently would not foreclose the possibility of the latter's obtaining contribution from Taylor, because under the law of Pennsylvania, a release given to a party who is not liable for the injuries does not bar an action against the tort-feasor who is liable. Koller v. Pennsylvania R. Co., 351 Pa. 60, 40 A.2d 89; Masters v. Philadelphia Transportation Co., 160 Pa.Super. 178, 50 A.2d 532.

■ However, in the instant case, the original plaintiff, in the covenant not to sue, agreed that he would not sue "The Pennsylvania Railroad Company * * * or any of its officers, servants, or employees * * *." It appears that Taylor was, at the time of the accident, and still is, an employee of the Pennsylvania Railroad Company. Regardless of whether or not he was acting *within the scope of his employment* at the time of the accident, he was nevertheless an *employee* of the railroad. See Restatement of Agency, § 228, Comment a. Therefore, the covenant not to sue was also executed in favor of Taylor by the original plaintiff.

It is true that Taylor did not furnish the consideration for the covenant not to sue. However, the original plaintiff received the money which he did in consideration of his agreeing not to sue the Pennsylvania Railroad Company's employees, as well as the railroad itself. That being so, I can see no logic or reason for holding that, simply because the money did not come from Taylor's pocket, the original plaintiff has not received the one satisfaction which the law allows him for any injury which he may have sustained as a result of Taylor's negligence.

■ My conclusion is that the covenant not to sue executed by the original plaintiff bars recovery by the latter from Atlantic States Gas Company, in the event that Taylor and Atlantic States Gas Company are joint tort-feasors. Therefore, since the third-party complaint is predicated upon a right of contribution in favor of Atlantic States Gas Company against Taylor, the third-party complaint as to Taylor must be dismissed.