## Weiss's Apparel, Inc., et al. v. Elks Home Association et al.

*Robert V. Moser, J. A. Welsh, P. H. Burke, Charles C. Lark* and *S. L. Gribbin,* for plaintiffs.

*Richard Henry Klein* and *Daniel W. Kearney,* for defendants.

TROUTMAN, J., April 20, 1948.—The above case is now before this court on motions of defendants, Elks Home Association of Shamokin, Pa., and Emory L. Miller and Herman E. Miller, partners, trading and doing business under the name of Emory L. Miller and Son, to enter judgment on the pleadings in their favor and against plaintiffs, on the ground that they are entitled to judgment as a matter of law on the undisputed facts appearing in the pleadings.

This action in trespass seeking to recover damages caused by the alleged negligence of defendants was started on November 4, 1940, by plaintiff, Weiss's Apparel, Inc., which at that time was the only plaintiff named in the case. The statement of claim alleges that plaintiff was the tenant of defendant, Elks Home Association, which, as owner of the premises, in the course of making repairs to its building, employed defendants, Emory L. Miller and Son, as contractors, and that during the course of the repairs, through the alleged negligence and carelessness of defendants, Elks Home Association and Emory L. Miller and Son, a fire was started which damaged the property of plaintiff, Weiss's Apparel, Inc., for the recovery of which damages, together with other damage occasioned by the manner in which the repairs were made, this action was brought.

On December 28, 1940, defendants, Emory L. Miller and Son, filed their affidavit of defense, which included new matter to the effect that plaintiff, Weiss's Apparel, Inc., had been reimbursed for its loss by its fire insurance companies. On March 10, 1941, plaintiff filed its answer to new matter contained in defendant Miller's affidavit of defense and on the same date filed its answer to new matter in defendant Elks Home Association's affidavit of defense. On December 22, 1941, pursuant to leave granted by the court, the caption of the case was amended to include the fire insurance companies, Miller's National Insurance Company and The Traveler's Insurance Company, as parties plaintiff, and on the same day, pursuant to leave granted by the court, all plaintiffs filed an amended statement of claim.

On January 28, 1942, defendants, Emory L. Miller and Son, filed their affidavit of defense to plaintiffs' amended statement of claim. On March 29, 1947, pursuant to leave of court, defendant, Elks Home Association, filed an amended answer and new matter to plaintiffs' amended statement of claim. This amended answer and particularly the new matter averred that on February 9, 1942, defendant, Elks Home Association, paid to plaintiff, Weiss's Apparel, Inc., the sum of $125 in full settlement of any liability in this action and a copy of the release taken was attached to defendant Elks Home Association's amended answer and new matter.

On July 11, 1947, pursuant to leave of court, defendants, Emory L. Miller and Son, filed an amended answer to plaintiffs' amended statement of claim, including new matter which set up the same release as an additional defense. The amended answer and new matter of Elks Home Association and the amended answer and new matter of Emory L. Miller and Son had written on the back thereof notices to plead to the enclosed new matter within 20 days from the

service thereof, directed to respective plaintiffs. No replies had been filed by respective plaintiffs to the amended answers and new matter of both defendant, Elks Home Association, and defendants, Emory L. Miller and Herman E. Miller, partners, trading and doing business under the name of Emory L. Miller and Son. On August 6, 1947, defendants, Emory L. Miller and Son, filed their motion for a judgment on the pleadings, and on August 9, 1947, defendant, Elks Home Association, filed its motion for a judgment on the pleadings.

A careful reading of the pleadings indicates that this action was brought by Weiss's Apparel, Inc., against defendant, Elks Home Association, and defendants, Emory L. Miller and Son, on a theory that through their joint carelessness and neglect in the remodelling of the building of the Elks Home Association, loss was occasioned by the negligent manner in which the work was done and that the greater portion of the loss was occasioned by fire negligently and carelessly started on the premises. The theory of the action was not changed by the joining of the fire insurance companies as parties plaintiff, the only purpose of this change being to show that the fire insurance companies were subrogated to the rights of plaintiff, Weiss's Apparel, Inc., to the extent that the fire insurance companies had reimbursed Weiss's Apparel, Inc., for its loss as a result of the fire. In paragraphs 21 and 23 of the amended statement of claim it is averred that the respective insurance companies have an interest in the action for any recovery obtained by the Weiss's Apparel, Inc., for damage to its stock and fixtures to the extent of the amount paid by the respective companies with interest from October 1, 1940.

In the amended answer and new matter of the Elks Home Association, filed March 29, 1947, under the heading "New Matter", in paragraph number 35, it is averred that on February 9, 1942, Elks Home Associ-

ation paid to plaintiff, Weiss's Apparel, Inc., the sum of $125 in full settlement of any liability in the present action and attached thereto a copy of the agreement of settlement. This was the first time that the matter of a settlement or release appeared in the pleadings and apparently, this release was given over 15 months after the action was started. The release, as set forth in Exhibit B, attached to the amended answer and new matter of the Elks Home Association is as follows:

"February 9, 1942, received of Elks Home Association check in the sum of One hundred twenty-five ($125.00) Dollars in full settlement of Weiss's Apparel, Inc. vs. Elks Home Association of Shamokin, Pa., #603, December Term, 1940. It is also understood and agreed that the said Weiss's Apparel, Inc. shall remove from the premises they now occupy as tenants under Elks Home Association, Corner Washington and Independence Streets, Shamokin, Penna., on or before March 1st, 1942, and surrender the lease for the said premises at that time.

J. A. Welsh<br>
Attorney for Weiss's Apparel, Inc."

The release very clearly states that it is in full settlement of Weiss's Apparel, Inc., v. Elks Home Association of Shamokin, no. 603, December term, 1940. The purported release further sets forth that the sum of $125 was received by the attorney for plaintiff, Weiss's Apparel, Inc., of Elks Home Association. It is also to be noted that the release was given approximately six weeks subsequent to the filing of plaintiffs' amended statement of claim in which the insurance companies were named as plaintiffs. Following the amended answer and new matter containing the foregoing alleged release, defendants, Emory L. Miller and Son, on July 11, 1947, by leave of court, filed their amended answer to plaintiffs' amended statement of claim, and under the heading of "New Matter", the following paragraph appeared:

"32. On the 9th day of February, 1942 at Shamokin, Pennsylvania, the plaintiff, Weiss's Apparel Inc., by agreement in writing, a copy of which is attached hereto, made part hereof and marked 'Exhibit A' in consideration of the sum of one hundred twenty-five dollars ($125.00), released all of the defendants from the claims alleged in the plaintiffs' amended statement of claim."

The first reason assigned by defendants for the entry of judgment on the pleadings is that none of plaintiffs have filed a reply to the new matter contained in the amended answers of the Elks Home Association and Emory L. Miller and Son. Both amended answers were endorsed with notices to plaintiffs to plead to the same within 20 days from the service thereof and copies of the amended answers endorsed with notices to plead, were served on all plaintiffs. More than 20 days after such service, defendants filed their respective motions for judgment on the pleadings and neither at that time nor at any time subsequently have any of plaintiffs filed a reply to the new matter contained in defendants' amended answers, wherein the above release was set out.

Rule 1029(b) of Pa. R. C. P. provides that averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. Under Rule 1030 it was proper for defendants to plead a release in a responsive pleading under the heading "New Matter". The averment of the defense of release must now be pleaded in an action of trespass: Rule 1045(c), Pa. R. C. P. Consequently, the same rules of pleading in respect to affirmative defenses apply to actions of assumpsit and actions of trespass.

Prior practice remains unchanged in construing the failure to reply as an admission of the facts in defendants' new matter. See Goodrich-Amram Civil Practice, Preliminary Survey and Explanatory Analy-

sis, p. 154. Under section 6 of the Practice Act of May 14, 1915, P. L. 483, as amended, 12 PS §387, if plaintiff fails to file a reply to new matter pleaded by defendant, every allegation of fact therein contained shall be taken to be admitted. Consequently, the failure of plaintiffs to file replies to the new matter contained in defendants' amended answers results in the admission of every allegation of fact contained in defendants' new matter. However, this failure to reply does not operate as an admission of new matter containing allegations of law. Plaintiffs' failure to reply in this case is an admission only as to allegations of fact and not conclusions of law. See Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District, 304 Pa. 489; Gehret v. Mitten Bank Securities Corporation, 120 Pa. Superior Ct. 198, 203.

We are of the opinion that the paragraphs in the respective amended answers of defendants under the heading new matter included averments both of fact and of law and by their failure to deny the same, all of plaintiffs are bound as to the averments of fact therein contained. Their failure to reply is no admission of the legal effect of the release, which is a question for the court to determine.

The release which has been heretofore set forth in full was given in "full settlement of Weiss's Apparel, Inc. vs. Elks Home Association, Pennsylvania, No. 603 December Term, 1940". We are of the opinion that this is a full release by plaintiff, Weiss's Apparel, Inc., of the Elks Home Association of Shamokin, Pa., of any damages which Weiss's Apparel, Inc., may have had against the Elks Home Association. Plaintiff, Weiss, and defendant, Elks, are the actual parties to the release which was executed, and the release very clearly sets forth that the payment of the sum of $125 by the Elks to plaintiff Weiss is in full settlement of the action at law entered to no. 603, December term, 1940. Therefore, the Elks Home Association is en-

titled to judgment as against plaintiff, Weiss's Apparel, Inc.

The next question which is presented is whether the release given by Weiss's Apparel, Inc., to the Elks Home Association is an effective release against any claim which it might have had against Emory L. Miller and Herman E. Miller, partners, trading and doing business under the name of Emory L. Miller and Son.

It is a well settled rule in Pennsylvania that for the same injury an injured party can have but one satisfaction and the receipt of such satisfaction, either for payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release for all others liable for the same injury and prevents any further proceeding against them.

This rule has been clearly set forth in the case of Thompson v. Fox, 326 Pa. 209, in which the Supreme Court of Pennsylvania said:

"For the same injury, however, an injured party can have but one satisfaction and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury, necessarily works a release of all others liable for the same injury and prevents any further proceeding against them: Peterson v. Wiggins, 230 Pa. 631; Smith v. Roydhouse, Arey & Co., 244 Pa. 474; Mason v. Lavine, 302 Pa. 472. This is true even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released: Seither v. Philadelphia Traction Co., 125 Pa. 397; Williams v. LeBar, 141 Pa. 149. Nor is it material whether the tortfeasors involved committed a joint tort or concurrent or successive torts, because the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage

done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end."

It is likewise well settled that before there can be a joint tort, there must be a community of fault which occasioned the accident: Koller v. Pennsylvania Railroad Co., 351 Pa. 60. Consequently, a release by an injured party of one alleged to be a joint tortfeasor does not operate as a release of one who is in fact solely liable: Masters v. Philadelphia Transportation Co., 160 Pa. Superior Ct. 178.

Practically all of the cases which have interpreted the foregoing rules of law in respect to the release of liability are those involving additional defendants brought on the record after suit had been instituted or where releases had been given prior to the institution of suits. An examination of the pleadings on behalf of all of plaintiffs clearly shows that the theory of defendants' liability throughout is that they were jointly negligent and that their joint negligence caused the damage to the property of plaintiff, Weiss's Apparel, Inc. Plaintiffs had a right to sue separately or jointly any or all parties whom they felt were responsible for plaintiff's damage. Plaintiffs elected to sue defendant, Elks Home Association and defendants, Emory L. Miller and Son, on the theory of joint liability, and on the pleadings as they now stand, this is the only contention on which the plaintiffs seek to recover. After the action was so begun, Weiss's Apparel, Inc., for value received, fully and completely released one of defendants, Elks Home Association, by name, and further specifically accepted the money in full settlement of this entire action which had been brought against both defendants on account of the alleged joint negligence of them. Under such circumstances, accepting the money and giving the release hereinbefore quoted can have only one effect, namely,

to release from further liability all of defendants named in the action.

The present motions for judgment must be decided entirely from the pleadings and the court is of the opinion that the pleadings do not raise such a question of fact concerning the liability of respective defendants as would warrant the submission of such fact to a jury upon the trial of this case. To do so would result in the court establishing a theory of liability contrary to the theory of plaintiffs as set forth in their amended statement of claim. As has been previously mentioned, plaintiffs very specifically state that the alleged damages suffered by plaintiffs arose out of the joint action of defendants. This case must be distinguished from those cases where an additional defendant is brought on the record by one who has been sued alone or where one defendant has been sued in an action where it is alleged that he alone is liable. In this case, plaintiffs have alleged and averred joint liability on the part of defendants, and we are of the opinion that when plaintiff, Weiss's Apparel, Inc., executed its release in favor of defendant, Elks Home Association, in full settlement of the present legal action, it likewise released Emory L. Miller and Herman E. Miller, as defendants, for the reason that plaintiff, Weiss's Apparel, Inc., received satisfaction for its damages, and the receipt of such satisfaction as consideration for a release executed by it from a person liable for such injury, necessarily works a release of the other defendants, Emory L. Miller and Son. Therefore, the action of plaintiff, Weiss's Apparel, Inc., against Emory L. Miller and Herman E. Miller, defendants, is discharged by virtue of said release.

The next question which arises is what effect this release has upon the claims of the fire insurance companies who are parties plaintiff. When the suit was originally brought, Weiss's Apparel, Inc., was the only plaintiff named, and in the affidavits of defense

to the original statement of claim filed by both defendants under the heading "New Matter", it is set forth that plaintiff Weiss's Apparel, Inc., had received the sum of $1,188.40 from each of the insurance companies and that by assignment, the right of action is now owned by the insurance companies.

On December 22, 1941, plaintiffs filed an amended statement of claim in which the insurance companies were made plaintiffs, together with original plaintiff, Weiss's Apparel, Inc., and in said amended statement of claim it is set forth in paragraphs 21 and 23 that the said insurance companies have an interest in this action for any recovery made by Weiss's Apparel, Inc. Defendants, Emory L. Miller and Herman E. Miller, filed an affidavit of defense to plaintiffs' amended statement of claim on January 28, 1942, and in said affidavit of defense, paragraph 24, it is averred that plaintiffs cannot now hold defendants or any of them for any greater amount than the amount of the settlement made by Weiss's Apparel, Inc., with the insurance companies. The amended answer and new matter of defendant, Elks Home Association, was filed on March 29, 1947, at which time the release now in question was first pleaded. On July 11, 1947, defendants, Emory L. Miller and Son, filed their amended answer and new matter setting forth the release in question. The release was dated February 9, 1942, which was about six weeks after the insurance companies had become plaintiffs in the action.

Under the heading "New Matter" contained in the answer filed by defendant, Elks Home Association, it is averred that settlement had been made with plaintiff, Weiss's Apparel, Inc., by the insurance companies and that any right of action arising out of the fire or smoke loss is now owned by Millers National Insurance Company and The Travelers Insurance Company, by assignment. In paragraph 35 there is set forth the averment that on February 9, 1942, Elks Home Associ-

ation paid plaintiff, Weiss's Apparel, Inc., the sum of $125 in full settlement of any liability in the present action and the copy of the agreement or settlement is attached thereto and marked Exhibit B.

Under the heading "New Matter" in the amended answer of defendants, Emory L. Miller and Son, it is averred that on February 9, 1942, at Shamokin, Pa., plaintiff, Weiss's Apparel, Inc., by agreement in writing, a copy of which is attached and marked Exhibit A, in consideration of the sum of $125 released all of defendants from the claims alleged in plaintiffs' amended statement of claim. In the answer of defendants, Emory L. Miller and Son, there are averments that plaintiff, Weiss's Apparel, Inc., had received $2,376.80, from the insurance companies in settlement of its claim.

There can be no doubt that at the time the release was given by Weiss's Apparel, Inc., to the Elks Home Association, both defendants were fully aware that the insurance company plaintiffs had made settlement with original plaintiff, Weiss's Apparel, Inc., and recognized their right of subrogation. The pleadings clearly show that defendants had full knowledge of the claims of the respective insurance companies and had that knowledge at the time the release was given by Weiss's Apparel, Inc.

The general rule is that upon payment of a loss, the insurer is entitled to be subrogated pro tanto to any right of action which the insured may have against a third party whose negligence or wrongful act caused the loss. The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third person, but arises out of the contract of insurance and is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured and is subrogated to only such

rights as the insured possessed. See 29 Am. Jur., §1335. A subrogee is, generally speaking, placed in the precise position of the one to whose rights he is subrogated: Fell v. Johnston et ux., 154 Pa. Superior Ct. 470, 474.

Inasmuch as the insurer, when entitled to subrogation, can only stand upon the rights of the insured, and where the insured fully releases third parties who are liable to him in any way for the loss, the right of both the insurer and the insured to recover thereafter from such third parties is defeated by such release, provided there is no such fraud as will invalidate it to the insurer. Where, however, third parties, who may be liable to the insured for the loss, effect a settlement with the latter and obtain a release from all liability, with knowledge, actual or constructive, of the fact that the insurers have already paid to the insured the amount of their liability to him, the settlement and release will in no way affect the insurers' right of subrogation as against such third parties. See Couch, Cyclopedia of Insurance Law, vol. 8, sec. 2001.

In City of New York Insurance Co. v. Clarence A. Tice, 159 Kan. 176, 152 P. (2d) 836, it is held that although the rights of an indemnity insurer as against the wrongdoer may be defeated by some act of the insured, no act of the insured releasing the wrongdoer from liability can defeat the rights of the insurer when such release is given without the knowledge or consent of the insurer and when the wrongdoer has full knowledge as to the insurer's right of subrogation under the insurance contract. In Kennebec Coal & Ice Co. v. W. & N. R. R. Co., 2 Chester 29, it was held that where insurance companies have paid losses upon property destroyed by fire, through the alleged negligence of a third party, they may bring suit against the wrongdoer, in the name of the assured without his consent, and the assured cannot prevent such use of his name, or, by a release to the defendant, defeat the action.

Therefore, the question recurs as to whether such a release as had been executed in this case was a fraud upon the insurance companies and consequently, would not be a good defense to the present action. The release was executed by J. A. Welsh, attorney for Weiss's Apparel, Inc. The fact that plaintiffs have not replied to the new matter setting forth this release must be considered as an admission that the release was so executed and that J. A. Welsh, as attorney for Weiss's Apparel, Inc., was duly authorized and was acting within the scope of his employment, in executing the said release.

At the time the release was executed by J. A. Welsh, he was also attorney for Millers National Insurance Company and The Travelers Fire Insurance Company, he having moved the court to include the insurance companies as parties plaintiff. He also filed an amended statement of claim in behalf of Weiss's Apparel, Inc., and the two insurance companies on December 22, 1941, in which he and P. H. Burke, Esq., signed their names as counsel for plaintiffs, and the said amended statement of claim contained the affidavits of officials of each of the three plaintiffs. Consequently, when J. A. Welsh executed the release dated February 9, 1942, he was at that time and had been since December 22, 1941, attorney for the insurance company plaintiffs, according to the record and the pleadings. While his name appears on the release as attorney for Weiss's Apparel, Inc., nevertheless, at the time this settlement was made he was also the attorney for all of the plaintiffs in the case.

There can be no question that J. A. Welsh, who executed the release, had knowledge of the settlement, and inasmuch as this knowledge occurred in the same suit in which he was representing and acting as attorney for the plaintiff insurance companies, any knowledge or notice he obtained of any settlement between defendant, Elks Home Association, and the insured,

Weiss's Apparel, Inc., must be imputed to his clients, the insurance companies.

The well established general rule that notice or knowledge of an agent, while the agency exists and while he is acting within the scope of his authority, is imputed to his principal is applicable to the relation of attorney and client; notice to the attorney is notice to his client, at least where the attorney receives such notice in the course of the transaction in which he is acting for his client, and where it comes in such a manner that he may communicate it to the client or act on it without any violation of duty. The test is whether the information is of a character which it is the duty of the attorney to communicate. See 5 Am. Jur. 302, §74.

At the time of the execution of the release, the information which J. A. Welsh obtained, even though he signed the release as attorney for plaintiff, Weiss's Apparel, Inc., was of such a character that it was his duty to communicate the same to the insurance companies who were co-plaintiff's with Weiss's Apparel, Inc., in the same suit, represented by the same counsel. The record does not indicate in any respect that J. A. Welsh was acting for his own interest or in fraud of his clients' rights.

If there had been any fraud or any other matters which would indicate that there was no authority for the execution of the release, it was incumbent upon the insurance company plaintiffs to file a reply to the new matter, setting forth their defense or any other matters which would make the release ineffective. By their failure to reply they in fact admit that J. A. Welsh was acting within the scope of his employment in executing the release as attorney for Weiss's Apparel, Inc., and if there were any circumstances which would contradict the imputation that notice and knowledge to their attorney was also, in fact, notice to them, the burden was upon them to file a reply to the new

matter setting forth these circumstances. If a reply had been filed to the new matter, and issues of fact would have been raised thereby, then such issues would have to be tried before the court and jury. While it is true that C. C. Lark entered his appearance as attorney for plaintiff insurance companies in August 1942, yet there is nothing to indicate that J. A. Welsh was not the attorney for such plaintiffs on February 9, 1942, which is the date of the release.

The right of action on the part of the insurance companies is a derivative one, they being subrogated to whatever rights Weiss's Apparel, Inc. might have had against defendants, to the extent of their respective payments. We are of the opinion that when J. A. Welsh, attorney for Weiss's Apparel, Inc., executed the release while he was still the attorney for the insurance company plaintiffs, the insurance company plaintiffs had such knowledge and notice of said release, through their attorney, as would take the matter out of the exception to the general rule.

It cannot be said that the action of defendants in this case in executing the release with Weiss's Apparel, Inc. was a fraud upon the insurance company plaintiffs because they in fact had knowledge and notice of the release through their attorney. Therefore, we are of the opinion that the said release is an effective bar to any right of action that might have been possessed by the said insurance company plaintiffs against both defendants. While the matter is not now before the court, it would appear that the insurance companies' right of action, if any, would be against the insured because of the execution of the release in question: See Illinois Automobile Insurance Exchange v. Braun, 280 Pa. 550.

We are of the opinion that the motions of both defendants for judgment on the pleadings should be granted and judgment be entered in favor of defendants and against all plaintiffs.

*Order*

And now, to wit, April 20, 1948, the motions of defendants, Elks Home Association of Shamokin, Pa., and Emory L. Miller and Herman E. Miller, partners, trading and doing business under the name of Emory L. Miller and Son, to enter judgment on the pleadings in their favor and against plaintiffs are hereby granted and judgment is hereby directed to be entered in favor of defendants, Elks Home Association of Shamokin, Pa., and Emory L. Miller and Herman E. Miller, partners, trading and doing business under the name of Emory L. Miller and Son, and against plaintiffs, Weiss's Apparel, Inc., Millers National Insurance Company of Philadelphia, Pa., and The Travelers Fire Insurance Company of Hartford, Conn. Costs to be paid by plaintiffs.