## Grubb v. Cooper and Jarrett, Inc., et al.

*Compton & Handler,* for plaintiff.
*George W. McKee,* for defendant.
*Hull, Leiby & Metzger,* for additional defendant.

RUPP, P. J., March 20, 1950.—This matter comes before us on a motion for judgment on the pleadings made by the Harrisburg Railways Company, additional defendant.

Plaintiff, Anna Grubb, was injured while riding as a passenger on a Harrisburg Railways Company bus

which became involved in a collision with a truck leased and operated by Cooper and Jarrett, Inc. (also known as Cooper-Jarrett, Inc.). Plaintiff brought an action in trespass against defendant, Cooper and Jarrett, Inc., to recover damages for personal injuries sustained as a result of the alleged negligence of defendant's employe-truck driver.

Defendant's answer to plaintiff's complaint averred that the Harrisburg Railways Company was alone liable or jointly liable with defendant for plaintiff's injuries and, under the heading of new matter, further averred that plaintiff had, for valuable consideration, executed and delivered to the Harrisburg Railways Company a release of all claims for damages against the Harrisburg Railways Company in connection with the collision. Plaintiff, in her reply to the new matter, set forth in defendant's answer, admitted execution and delivery of this release to the Harrisburg Railways Company.

Defendant then joined the Harrisburg Railways Company as an additional defendant by præcipe and averred in its third-party complaint that additional defendant was solely liable, jointly and severally liable with defendant, or liable over to defendant for the injuries sustained by plaintiff.

In its answer to this third-party complaint, additional defendant averred as new matter that the release delivered to it by plaintiff for a valuable consideration precluded any recovery against it upon the cause of action declared upon.

Additional defendant then moved for judgment on the pleadings.

The Harrisburg Railways Company was joined as an additional defendant in this action under Rule 2252(a) of the Pennsylvania Rules of Civil Procedure, which provides that:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Joinder of an additional defendant under this rule is clearly a matter of right:

". . . the joinder of additional parties is a matter of right. . . . No leave of court is required and the request for the writ cannot be refused on any ground." (Goodrich-Amram Commentary, p. 11.)

Thus, if additional defendant here may be found liable on any of the grounds enumerated in the procedural rule quoted above, defendant had the right to join and retain additional defendant as a party to this action.

In its third-party complaint, defendant alleges that the additional defendant might be: (1) Solely liable; (2) liable over to defendant; or (3) jointly or severally liable with defendant on the cause of action declared upon by plaintiff.

Additional defendant cannot be found solely liable in the trespass action brought by plaintiff. A valid written release of a claim for damages, based upon defendant's alleged tort, executed by the injured person, is a bar to any subsequent recovery by him from the party released: Doneyho v. Scottdale Connecting Railroad Company, 330 Pa. 207 (1938). In the present case, the release precludes any recovery by plaintiff from additional defendant on the cause of action now declared upon by plaintiff.

Additional defendant cannot be found liable over to defendant in the trespass action brought by plaintiff because there is no insurer or indemnitor relationship here between defendant and additional defendant.

Defendant now concedes that the requisite relationship for such liability does not exist in this case.

Additional defendant cannot be found jointly or severally liable with defendant in the trespass action brought by plaintiff. By joining additional defendant here on the basis of joint liability, defendant is asserting a right to contribution among joint tortfeasors which is permitted by the Act of June 24, 1939, P. L. 1075, 12 PS §2081. It is well established, however, that the release of one of two joint tortfeasors releases the other: Mason v. C. Lewis Lavine, Inc., 302 Pa. 472 (1931) ; Thompson v. Fox, 326 Pa. 209 (1937) ; Koller v. Pennsylvania Railroad Company, 351 Pa. 60 (1944). Thus, if a finding of joint liability were made by a jury, the release of additional defendant by plaintiff would automatically release defendant of any liability to plaintiff.

The District Court of the United States for the Eastern District of Pennsylvania faced this same problem in the case of Sheppard v. Atlantic States Gas Co., 72 F. Supp. 185 (1947). In dismissing the third-party complaint, Judge Bard had this to say, page 187:

"I think that under the foregoing Pennsylvania authorities the conclusion is inescapable that, in the instant case, the third-party complaint fails to state a claim upon which relief may be granted against the Pennsylvania Railroad Company, because if it be true, as Atlantic States Gas Company [original defendant] alleges, that the Pennsylvania Railroad Company [additional defendant] and Atlantic States Gas Company are joint tort-feasors, then the covenant not to sue the Pennsylvania Railroad Company executed by the original plaintiff would also bar recovery by him from Atlantic States Gas Company, and therefore the latter would have no basis for a demand for contribution from the Pennsylvania Railroad Company. Ac-

cordingly, I will dismiss the third-party complaint as to the Pennsylvania Railroad Company."

The release executed by plaintiff in the present case automatically terminated any possibility of liability on the part of defendant as a joint tortfeasor and at the same time eliminated the possibility of any realizable claim for contribution by defendant. Since this release has been admitted in the pleadings, there can be no recovery by plaintiff on the theory of joint or several liability.

It is apparent from the foregoing that the release given by plaintiff to additional defendant is a complete defense to the cause of action declared upon. Accordingly, judgment on the pleadings must be entered in favor of additional defendant.

And now, March 20, 1950, judgment on the pleadings is hereby directed to be entered in favor of additional defendant, the Harrisburg Railways Company.