VIRGINIA VAN CLEAVE, Appellant, *v.* GAMBONI CONSTRUCTION COMPANY, Respondent.

No. 14489

June 22, 1983             665 P.2d 250

*Echeverria* and *Osborne,* and *James Michael Walsh,* for Appellant.

*Hibbs, Roberts, Lemons, & Grundy; Cromer, Barker, Michaelson, Gillock & Rawlings; Leggett & Hamilton;* and *Eugene J. Wait, Jr.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

The instant appeal arises out of a one-car traffic accident which occurred on Zolezzi Lane in Reno, Nevada. Appellant Virginia Van Cleave was a passenger in an automobile operated by Mark Alimisis. Alimisis lost control of the vehicle; the car left the roadway and overturned. Appellant was rendered a paraplegic as a result of injuries sustained in the accident. Alimisis, an employee of respondent Gamboni Construction Company, was allegedly within the scope of his employment at the time of the accident.

Appellant filed a complaint naming Alimisis and several fictitious defendants. After this complaint was filed, appellant executed a document which purported to "release" Alimisis from further liability in exchange for $50,000. The document in question, captioned "RELEASE IN FULL OF ALL CLAIMS AND RIGHTS," was a printed "form" release which provided in pertinent part:

> For and in consideration of the sum of *Fifty Thousand & no/100 ($50,000)* receipt of which is acknowledged, I release and forever discharge *Mark Alamisis* [sic] their [sic] principals, agents, representatives and insurance carriers from any and all rights, claims, demands and damages of any kind, known or unknown, existing or arising in the future, resulting from or related to personal injuries death or property damage, arising from an accident that occurred on or about the *26* day of *May, 1979,* at or near *Zolezzi Ln, Reno, Nv.*

(Italics denote terms added to blanks in the printed form.) Immediately following the foregoing printed provisions, the parties interlineated the following typewritten provision:

> It is expressly agreed that this does not release anyone other than Mark Alimisis, and all rights against the manufacturer of the vehicle and its component parts, Washoe County *and anyone else,* are reserved.

(Emphasis added.)

Approximately 14 months after executing the "release," appellant filed an amended complaint which named respondent Gamboni Construction Company as a defendant. The only

allegations against respondent Gamboni in the amended complaint were that Alimisis was acting within the scope of his employment at the time of the accident, and that as a result Gamboni is liable under the doctrine of respondeat superior. The amended complaint contained no allegations of independent acts of negligence on the part of respondent Gamboni.

Respondent subsequently moved for summary judgment, arguing that where the employer's liability is based solely on the negligence of the employee, a "release" such as that executed in the instant case releases both the named employee and the employer. In opposition, appellant contended that NRS 17.245[1]—a provision of the Uniform Contribution Among Tortfeasors Act—precluded such an automatic release of an employer.

The district court concluded that the Uniform Act and NRS 17.245 did not apply to an employer-employee relationship where the sole basis of the employer's liability was respondeat superior. The court also determined that, as a matter of common law, a release in favor of a negligent employee also releases the employer when the employer's liability is predicated solely on respondeat superior. On the basis of this analysis, the district court concluded the release of Alimisis also released respondent Gamboni Construction Company. As no other cause of action was asserted against respondent, the district court granted summary judgment. The district court, however, noted it made no determination as to the construction and interpretation of the "release" executed by appellant and Alimisis.

■■■■■ ■

We believe the district court erred in granting summary judgment without construing the document in question. When such an agreement is in fact intended as a release, absent a statute to the contrary the valid release of one joint tortfeasor releases all joint wrongdoers and is a bar to subsequent litigation. Whittlesea v. Farmer, 86 Nev. 347, 469 P.2d 57 (1970). This is true

[1]NRS 17.245 provides:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. *It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide;* but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

2. It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor. (Emphasis added.)

particularly in circumstances involving wholly derivative liability based on a master-servant relationship. *See* Bacon v. United States, 321 F.2d 880, 884 (8th Cir. 1963); *accord,* Seaboard Air Line Railroad Co. v. Coastal Distributing Co., 273 F.Supp. 340 (Col.Div.S.C. 1967); Sheppard v. Atlantic States Gas Co., 72 F.Supp. 185 (E.D.Pa., 1947). Further, although we do not specifically address the issue, there appears to be competent authority to support the district court's conclusion that this common law rule has not been abrogated by the provisions of the Uniform Act. *See* Craven v. Lawson, 534 S.W.2d 653 (Tenn. 1976) (Uniform Act does not apply where liability of defendant is wholly derivative).

Thus, if the document in question was a release, the decision of the district court may well have been correct. From the record before us, however, we are unable to determine if the document in question was a release. This court has previously recognized the technical distinction between a "release" and a "covenant not to sue." *See* Whittlesea v. Farmer, 86 Nev. at 349-350. A "release" extinguishes the cause of action as to all joint tortfeasors. On the other hand, a "covenant not to sue" does not extinguish the cause of action and does not release other joint tortfeasors even if it does not specifically reserve rights against them. *See id.*

In the instant case, the document executed by the parties was entitled, "RELEASE IN FULL OF ALL CLAIMS AND RIGHTS," and contains further language of release and discharge. At the same time, the typewritten interlineation specifically reserves rights against other tortfeasors. There appears to be a split of authority as to whether such an attempted reservation of rights is sufficient to preserve a cause of action against joint tortfeasors who would otherwise escape liability under the release. *Compare* Henry B. Steeg and Associates v. Rynearson, 241 N.E.2d 888 (Ind.App. 1968); Wilson v. City of New York, 131 N.Y.S.2d 47 (N.Y.Sup.Ct. 1954) *with* Holmstead v. Abbott G.M. Diesel, Inc., 493 P.2d 625 (Utah 1972); Dickey v. Estate of Meier, 197 N.W.2d 385 (Neb. 1972). The record presented on appeal, however, is insufficient to permit this court to address the issue of whether the document in question is a release or a covenant not to sue.

The question of whether the agreement was a release or a covenant not to sue was not directly raised in the court below. Although this court has frequently stated that issues raised for the first time on appeal will not be considered, issues relating to the construction of the agreement were presented to the district

court. Specifically, respondent Gamboni Construction Company argued that it was Alimisis' "principal" and thus expressly included within the terms of the release. Although the district court stated it made no finding on the construction of the release because such a finding would be unnecessary to its decision, we believe the issue of the construction of the agreement was before the court below and thus has been preserved for purposes of appellate review.

As the preceding analysis demonstrates, material questions of fact remain as to whether the agreement in question was a release or a covenant not to sue. Summary judgment was thus inappropriate. *See* Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (summary judgment inappropriate where written contract ambiguous and extrinsic evidence required to ascertain intent of parties). Accordingly, we reverse the decision of the district court and remand the case for further proceedings consistent with this decision.