# Oelrich *v.* Kent, Appellant.

*Negligence—Automobiles—Standing trolley car—Alighting passenger passing around front of car—Collision with automobile between opposite bound tracks—Speed—Failure to blow horn—Cutting in front of street car—Contributory negligence—Case for jury.*

1. No one can complain of want of care in another where care is rendered necessary only by his own wrongful act.

2. In an action against the owner of an automobile to recover for personal injuries the question of defendant's negligence and the contributory negligence of the plaintiff were for the jury and a verdict and judgment for the plaintiff will be sustained, where it appeared that plaintiff, after alighting from the front of a street car, which had stopped at a crossing, passed around in front of the

car and had taken about two steps beyond it when he was struck in the space between the east and west bound tracks by defendant's automobile heading in the same direction as the car; that the automobile approached at a greater than usual rate of speed at that place without sounding its horn and just before striking plaintiff changed its course, running in close to the front end of the car in an effort to pass in front of it.

Argued Oct. 12, 1917. Appeal, No. 124, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny County, July T., 1916, No. 2029, on verdict for plaintiff in case of Carl Oelrich v. Edward J. Kent. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass for personal injuries.

On the trial three witnesses testified that just before striking the plaintiff, defendant's automobile changed its course, and swerved in toward the front of the standing car in an effort to pass in front of it.

Further facts appear in the following opinion by MACFARLANE, J., sur defendant's motion for judgment non obstante veredicto:

Upon the motion for judgment n. o. v. the only question is the contributory negligence of the plaintiff. It is true defendant testified that his automobile did not run at a rate of more than ten miles an hour and that it stopped in five feet, and there was no opposing testimony fixing the higher rate, but there was testimony that the automobile ran twenty-five feet after it struck the plaintiff and that the speed was greater than the usual rate of automobiles at that place. The defendant's testimony is not conclusive for the additional reason that he is an interested witness and his son and another man who were said to have been in the automobile were not called. It further appeared without contradiction that a horn was not blown.

The plaintiff walked across the street in front of the standing street car from which he had alighted and, ac-

cording to the testimony of Mrs. Bernhardy, was struck on the space between the two tracks. She said he had passed the street car.

Q. About how far did he pass it?

A. Well, he had just started across the street.

Q. Where was he in respect to the front end of the street car?

A. He was in the front end. That is the way he got off.

Q. How many feet away from the front end was he?

A. I guess about two or three feet.

Q. How would you fix the point in relation to the other track, the westbound track?

A. Well, I guess he was about between the middle, you know that middle part between the two tracks. He was about there.

The plaintiff testified:

Q. How far had you proceeded past the front of the street car when you first saw the automobile?

A. Maybe one or two steps. I can't just exactly tell, it happened so quick......

Q. After you had passed the front end of the car and taken a step or two as you said, were you or were you not looking in any particular direction?

A. Why, I looked up first and when I looked down I was so close to the automobile there was no way getting out of the way at all.

In another place he said:

Then after I passed the street car, maybe a couple of steps, I observed the car coming and I couldn't get out of the way and I got struck.

The space between the two tracks, called the "dummy," fixes the limit of the distance to which the plaintiff had advanced. The width of this space was not given, but it was well known to the jury. Fifth avenue runs by the court house where the trial was being held and is the most prominent street in this city. The overhang of a street car occupied a portion, and two ordinary steps would carry a man over the entire space. The only wit-

nesses who located the automobile with reference to the side of the street car were Miss Meyers and Mr. Kent, who both said that it ran on the street car track. Had it proceeded without deviation, it would be plain that the plaintiff had stepped past the dummy onto the westbound track. The testimony that the automobile turned to the right, towards the right-hand of the street so close that the witnesses thought it would hit the fender, with Mrs. Bernhardy's testimony, was sufficient to support the finding of the jury that the plaintiff was struck on the space between the two tracks.

He was not bound to guard against the negligence of the defendant. He had a right to presume that ordinary care would be used to protect him from injury. "No one can complain of want of care in another where care is only rendered necessary by his own wrongful act": Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354. The plaintiff's negligence was not a clear and unavoidable inference from the undisputed facts. In Kurtz v. Tourison, 241 Pa. 425, the plaintiff was struck by an automobile as she stepped from in front of a pair of standing horses, and the case was for the jury. In Miller v. Tiedemann, 249 Pa. 234, an automobile passed a wagon proceeding in front of it and, after clearing it, swung to regain the track, running 20 to 25 miles an hour, and no warning was given and after striking the man ran about 20 feet. It was argued that he was guilty of contributory negligence in stepping in front of a moving automobile, but the testimony that the driver could not see the man he struck until he was actually upon him and the latter could not see the driver until approximately the same time carried the case to the jury.

The oral argument and the briefs were confined to the motion for judgment, but we have considered the reasons assigned upon the motion for a new trial and find them without merit.

Verdict for plaintiff for $8,500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.—Binding instructions should have been given for the defendant: Cunningham v. P. R. T. Co., 240 Pa. 194; Crooks v. Pittsburgh Railways Co., 216 Pa. 590; Wolf v. P. R. T. Co., 252 Pa. 448; Moss v. Philadelphia Traction Co., 180 Pa. 389.

*Francis A. Wolf,* with him *Francis B. Cohan,* for appellee.—Reciprocal rights and duties are imposed upon pedestrians and drivers of vehicles in a public highway. Each must exercise reasonable and ordinary care: Schmidt v. McGill, 120 Pa. 405.

There was no such positive evidence tending to show negligence on the part of the plaintiff as would have justified the trial court in holding that as a matter of law plaintiff was guilty of contributory negligence: McGovern v. Union Traction Co., 192 Pa. 344.

Where it is not clearly and plainly evidenced that plaintiff could have seen the danger, the question of his contributory negligence is for the jury: Miller v. Tiedemann, 249 Pa. 234; Kurtz v. Tourison, 241 Pa. 425; Lorah v. Rinehart, 243 Pa. 231; Bodge v. Philadelphia, 167 Pa. 492; Christian v. Commercial Ice Co., 3 Pa. Superior Ct. 320; Streitfeld v. Shoemaker, 185 Pa. 265; McGovern v. Union Traction Co., 192 Pa. 344.

The fact that plaintiff crossed the street in front of a standing street car does not convict him of contributory negligence as a matter of law: Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354.

Plaintiff was not bound to anticipate defendant's negligence: Lewis v. Wood, 247 Pa. 545; Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354.

The cases cited in appellant's argument, especially to show contributory negligence on the part of the plaintiff, are distinguishable on the ground that they dealt

with pedestrians being hit by street cars running at right angles to the paths pedestrians were traversing and with no obstacles in the way to obstruct the pedestrians' view.

PER CURIAM, January 7, 1918:

The judgment is affirmed on the opinion of the learned court below overruling the motions for a new trial and judgment for the defendant non obstante veredicto.