## McAteer, Appellant, v. Highland Coffee Co.

*Negligence — Automobiles — Crossings — Pedestrian — Obstruction of view—Darting out from behind standing car—Contributory negligence.*

Although a driver of an automobile must approach street crossings in a vigilant manner, and with his car under such control that he can promptly stop it if occasion so requires, yet he is not bound to anticipate that a pedestrian may suddenly run out from behind a parked automobile and against the fender of his car.

Argued September 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 150, March T., 1927, by plaintiff, from order of C. P. Allegheny Co., July T., 1925, No. 1838, refusing to take off nonsuit, in case of Mary A. McAteer v. Highland Coffee Co. Affirmed.

Trespass for death of plaintiff's husband. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*Thomas L. Kane,* for appellant.

*R. A. Applegate* and *Rose & Eichenauer,* for appellee, were not heard.

PER CURIAM, November 28, 1927:

This is an appeal from the refusal to take off a compulsory nonsuit entered against the plaintiff, Mary B. McAteer, in an action of trespass brought by her to recover damages for the death of her husband, Charles Y. McAteer, caused by the alleged negligent operation of one of defendant's automobiles.

McAteer was struck and killed by a truck belonging to defendant company, on the evening of October 9, 1924, at the intersection of Twenty-eighth Street and Liberty Avenue, in the City of Pittsburgh. Deceased, an employee of the Pennsylvania Railroad Company, came out of a gate leading from his employer's property onto the northerly side of Twenty-eighth Street, and started to cross that thoroughfare, which at this point was about thirty-four feet wide, on a flagstone footway that lay immediately in front of him. The part of this footway on which deceased stepped from the sidewalk was

hidden from the driver of the truck by an automobile, parked at right angles to the curb and extending about ten feet into the roadway. The truck, coming in a southwesterly direction along Liberty Avenue, turned westerly toward the footway over Twenty-eighth Street, which latter highway, at this point, curved in that direction, upgrade, to a bridge beyond the intersection. As deceased came out from the cover of the parked car, by which he had been hidden from the driver of the approaching truck, he was instantly struck by, or came in contact with, the right front fender of the latter vehicle, which, at the time, was going at such a low rate of speed and under such good control that it was stopped almost immediately.

It appeared from the testimony that the flagstone crossing in question was much used by employees of the Pennsylvania Railroad Company in going to and from their work; also that the driver of the truck had crossed this particular intersection many times before the accident; but it did not appear that he saw plaintiff's husband, or could have seen him, until the latter suddenly came from behind the parked automobile.

The driver of the truck, called to the stand by plaintiff, was the only witness who described the accident; he said that McAteer ran out from back of the standing automobile, at the same time adjusting his coat with his right hand; and, without stopping, "he just come running and hit in this truck......on the side of the front fender"; that the "impact knocked him over backward"; and that he, the witness, first saw the subsequently injured man when the latter "come from in back of this automobile." It is well said in the opinion of the trial judge that, though a driver must approach street crossings in a vigilant manner and with his car under such control that he can promptly stop it if occasion so requires, yet the present driver was not bound to anticipate that a pedestrian might suddenly run out

from behind a parked automobile and against the fender of his car.

The order refusing to remove the nonsuit is affirmed.