Covaleskie, Appellant, *v.* Schimpf.

Argued April 22, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*H. O. Bechtel,* with him *Walter Sidoriak,* for appellant.

*James L. Gallagher,* of *Gallagher & Gallagher,* for appellee.

OPINION BY MR. JUSTICE DREW, May 25, 1936:

Plaintiff brought this suit in trespass to recover damages for injuries caused by alleged negligent operation of defendant's automobile. From the refusal of the

court below to take off the compulsory nonsuit entered at the close of plaintiff's evidence, plaintiff has appealed.

The accident happened between nine and ten o'clock in the morning of a clear day, while plaintiff was attempting to cross the street at a point admittedly not a regular crossing. Plaintiff testified that he had a clear unobstructed view of one hundred feet in the direction from which defendant came. While still on the curb he looked in that direction and saw no cars coming. He then stepped down behind a car parked at the curb, and stopped and looked again before passing beyond the parked car. Upon seeing no approaching traffic, he stepped out into the street and was immediately struck by defendant's automobile. It appeared that defendant stopped his car instantly, the stopping and the striking being almost simultaneous.

We think it is quite clear that plaintiff was contributorily negligent. The case is governed by *Dando v. Brobst*, 318 Pa. 325. There plaintiff was crossing at a regular crossing and had just stepped down from the curb when the right front wheel of defendant's automobile ran over her foot. The automobile stopped almost immediately. We said, at page 328, citing cases in support thereof: "As we have repeatedly pointed out, it is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car or train by which he was immediately struck. . . . Where one steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, he is barred by his own negligence." There can be no doubt that in the present case if plaintiff had looked he must have seen defendant's car, and therefore plaintiff will not be heard to say he did look. Accordingly, he is barred by his own negligence.

Judgment affirmed.