Schnitzer *v.* Philadelphia Transportation
Company (et al., Appellant).

Argued May 28, 1946. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David A. Saltzburg,* with him *Morris W. Kolander,*
for individual defendant.

*S. Regen Ginsburg,* with him *Bernard J. O'Connell,*
for defendant, Philadelphia Transportation Company.

*Joseph E. Gold,* for plaintiff.

OPINION BY MR. JUSTICE DREW, June 25, 1946:

In this suit in trespass for damages for personal injuries the learned trial judge instructed the jury that Kenterovitz, additional defendant, was guilty of negligence as a matter of law and directed a verdict against him, which the jury returned in the amount of $2000. The question of negligence of the other defendant, Philadelphia Transportation Company, was left to the jury which returned a verdict in its favor. After Kenterovitz' motion for a new trial as to both plaintiff and the co-defendant was overruled and judgments entered on the verdicts, he appealed, alleging as error the action of the court in directing a verdict against him. The learned Superior Court affirmed the action of the court below and these appeals followed.

Plaintiff was a guest passenger in the rear seat of Kenterovitz' automobile when a trolley car of the Transportation Company collided with it, in the intersection of Shunk and Thirteenth Streets, Philadelphia. All he knew of the accident was that the car in which he was riding was driven by Kenterovitz east on Shunk Street to Thirteenth Street at a speed of fifteen to twenty miles an hour, and that he did not see the trolley car before the collision. His witnesses testified to facts from which the jury might have found both defendants negligent. The motorman testified on plaintiff's side.

Kenterovitz was his only witness. He spoke English badly, and although he had an interpreter, his statements were garbled and confusing. In examining his testimony the impression is left that he did not do himself justice. This is important because on his testimony alone the learned trial judge charged that he was guilty of negligence as a matter of law and directed the verdict against him.

We are certain it was error, on all the testimony adduced, to take from the jury the question of negligence of either defendant. The testimony regarding negligence was such that the learned court was bound to submit it to the jury which could reasonably have found either or both defendants negligent. An examina-

tion of Kenterovitz' testimony bears out this conclusion.

He testified he was driving east on Shunk Street at a speed of eight to ten miles an hour; that when he reached the house line of Thirteenth Street he looked to his right and saw the trolley car approaching about 150 feet away; that he continued at the same speed to make the crossing and did not look again at the trolley car until he was about to drive upon the track when it was 75 to 100 feet away, and that he had gotten almost over the track when the trolley car crashed into the right rear side of his automobile.

Witnesses for plaintiff testified that the speed of the trolley car was twenty to twenty-five miles per hour and that it did not lessen its speed as it approached and entered the intersection. One witness said: "He [motorman] didn't slow down, and when he came to the corner I remember distinctly that he really started to go faster, when he started out from the corner, and the car, automobile, was in the middle of the tracks and it hit it and pushed it right across the street, Shunk Street. . . ."

There was no car stop at Shunk Street but there was a "SLOW" sign there to control the speed of trolley cars passing over the intersection. There is testimony to show the motorman entirely disregarded this notice. If true, it is obvious that if he had slowed the speed of his car an instant or two when Kenterovitz was committed to the crossing, and in plain view, the accident could not have happened. Kenterovitz was not bound to anticipate the negligence of the motorman and the jury should have been given an opportunity to decide whether under all the facts of the case Kenterovitz was negligent. The evidence was clearly sufficient to compel the court to submit the question of negligence of both defendants to the jury. Only a jury could say whether or not, on the evidence adduced, either or both was negligent. Only a jury could reconcile the conflicts in the evidence or pass upon the credibility of the witnesses: *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, 163 A. 523.

Judgments of the Superior Court reversed, and a venire facias de novo awarded as to each defendant.