## Dowbenko v. Philadelphia Transportation Company et al.

Before MacNeille, P. J., Milner and Mawhinney, JJ.

*Benjamin Sork*, for plaintiff.

*Marshall A. Coyne*, for Philadelphia Transportation Company, defendant.

*John B. Martin*, for Thomas S. Lee, defendant.

MACNEILLE, P. J., March 4, 1948.—This is a suit in trespass to recover damages for personal injuries inflicted on plaintiff as a result of a collision between a street car operated by Philadelphia Transportation

Company and a truck operated by Pennsylvania Transfer Company. The jury returned a verdict for plaintiff in the sum of $2,000 against defendant Philadelphia Transportation Company and a verdict in favor of defendant Pennsylvania Transfer Company. Defendant Philadelphia Transportation Company has filed a motion for a new trial and a motion for judgment n. o. v. The motion for a new trial has been withdrawn. The court is now considering the motion for judgment n. o. v.

Philadelphia Transportation Company, at the trial of the case, submitted two points for binding instruction as follows:

1. Under all of the evidence and under the law your verdict must be in favor of defendant, Philadelphia Transportation Company.

2. If you find defendant, Philadelphia Transportation Company, liable to plaintiff, then under all of the evidence and under the law you must also find Pennsylvania Transfer Company jointly liable with said defendant to plaintiff.

Both points for binding instructions were refused by the trial judge. Philadelphia Transportation Company is only pressing the second point. It is not even contended that Philadelphia Transportation Company was not negligent but only if it were negligent so was the other co-defendant, Pennsylvania Transfer Company. Philadelphia Transportation Company is now asking that the court as a matter of law judicially declare that Pennsylvania Transfer Company was negligent and thus enter judgment against it jointly with Philadelphia Transportation Company.

In considering a motion for judgment n. o. v. we must view the evidence and the inferences therefrom in the light most favorable to the one having the verdict: See Ashworth v. Hannum, 347 Pa. 393; Silfies, Admx., v. American Stores Co., 357 Pa. 176; Kissel

et al. v. Motor Age Transit Lines, Inc., et al., 357 Pa. 204, and Vogel et al. v. Stupi et al., 357 Pa. 253.

A careful review of the evidence does not convince us that the cause of the accident was necessarily the joint negligence of both defendants. The evidence, we believe, was clearly sufficient to compel the court to submit the question of negligence of both defendants to the jury. Only a jury could say whether or not, on the evidence adduced, either or both were negligent. Or, as stated by the court in German v. Riddell, 149 Pa. Superior Ct. 647, 652, the test is: ·

" 'While facts may be admitted, the conclusions to be drawn from them may remain a matter of controversy. To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared.' "

The facts stated briefly are as follows: On November 1, 1945, at approximately 5 p. m., plaintiff was a passenger in a trolley car operated by Philadelphia Transportation Company, proceeding in an easterly direction on Lombard Street in the City of Philadelphia. Just prior to the accident defendant, Pennsylvania Transfer Company, was operating a tractor-trailer south on Second Street. The driver of the tractor-trailer testified that the two units were about 40 feet in length. As he approached Lombard Street he was going about 15 miles an hour. As he entered Lombard Street at a time when the cab was past the north curb line and about four or five feet from the car tracks on Lombard Street he looked west and saw the street car approaching about 60 or 70 feet away. He continued to cross the street and had approached a point where the tractor was past the south curb line of Lombard Street when the street car collided with the unit, hitting it at about the center part of the trailer. The impact caused the injuries to plaintiff for which

this suit was instituted. The operator of the street car stated that at the speed he was proceeding he could have stopped the car in approximately a third or two thirds of the car's length, which was about 45 to 47 feet long. He testified that as he left Third Street, going toward Second Street on Lombard Street, he was travelling around "20 or 25" miles per hour. As he approached Second Street he stated he was travelling from "two to five miles an hour".

Plaintiff himself testified on cross-examination, without objection, as follows:

"Q. This trolley car as it left Third Street picked up speed before it got to Second Street; is that right?

"A. That's right.

"Q. When it got to its top speed did it change its speed, slacken it at all, up to the point that the accident happened?

"A. No. It go fast, very fast.

"Q. In other words, the motorman didn't slow up at all when he came to Second Street?

"A. Not at all, none."

Defendant, Pennsylvania Transfer Company, produced an eye witness, who saw the accident from the northwest corner of Second and Lombard Streets. He testified on direct examination without objection of either counsel for defendant, Philadelphia Transportation Company, or counsel for plaintiff, as follows:

"Q. Did this trolley car at any time slow up or alter its speed from the time you first saw it until the accident happened?

"A. No. It was going full speed the trolley car was going.

"Q. Did it slow up at any time or change its speed until the time the accident happened?

"A. It couldn't slow up the speed because he run into the truck."

The driver of the truck testified that he first observed the trolley car 60 or 70 feet away and the driver

of the trolley car testified he was traveling two to five miles an hour. If this be true it would seem reasonable to assume that the truck would have time to clear the intersection in advance of the approaching street car. But, in any event, it is the function of the jury, taking all the evidence into account, to reconcile the conflicts in the evidence and pass on the credibility of the witnesses. See Schnitzer v. Philadelphia Transportation Co., et al., 354 Pa. 576. Whether or not the driver of the truck acted as a reasonably prudent person would have acted under the circumstances in continuing to cross the intersection after having observed the approaching trolley car was a question of fact properly left to the jury's determination. See Delmer v. Pittsburgh Railways Co. et al., 348 Pa. 147; Schnitzer v. Philadelphia Transportation Co. et al., 354 Pa. 576; Shearer v. Pittsburgh Railways Co., 145 Pa. Superior Ct. 560.

This court had a similar case before it in Maiden v. Philadelphia Transportation Co. and Shirks Motor Express Co., C. P. No. 3, June term, 1946, no. 3867, decided February 6, 1947, but not reported. In that case plaintiff obtained judgment against Shirks Motor Express Co. but not against Philadelphia Transportation Co., one of defendants here. In that case we held that the motorman of the Philadelphia Transportation Co. was not negligent in crossing in front of an advancing truck in circumstances similar to the facts of our present case. In that case we said:

"It is true that under section 1014(c) of the Vehicle Code of May 1, 1929, P. L. 905 as amended by the Act of June 22, 1931, P. L. 751 (75 P.S. 573(c)), the driver of a vehicle entering a through highway or stop intersection must yield the right of way to all vehicles approaching in either direction on such highway. But this duty is not imposed where the vehicle is so far in advance that, in the exercise of reasonable care and prudence, the driver of the vehicle is justified in be-

lieving that he can cross the intersection ahead of the approaching vehicle without danger of a collision. See Weber v. Greenbaum, 270 Pa. 382; Alperdt et ux. v. Paige, 292 Pa. 1; Weinberg v. Pavitt et al., 304 Pa. 312; Dougherty v. Merchants Bakery Co., 313 Pa. 557; Steckler v. Luty et al., 316 Pa. 440; McAmbley v. Martin, 100 Pa. Superior Ct. 593; Goddard v. Armour & Co., 136 Pa. Superior Ct. 158; Schupp v. Yagle, 149 Pa. Superior Ct. 464. In determining whether a reasonable, careful and prudent person entering a through highway or stop intersection would be justified in believing that he could cross the intersection without danger of a collision, all the factors, the distance intervening, the apparent speed of an approaching vehicle, the presence or absence of the vehicle on the highway, etc., must be taken into consideration: Goddard v. Armour & Co., 136 Pa. Superior Ct. 158. We have considered all of these factors and we believe under the circumstances the motorman was justified in believing he was far enough in advance of the approaching truck to cross the intersection without a collision. At the time the motorman first saw the truck at least 150 feet away there was nothing to indicate to him acting as a reasonable and prudent man that the truck was being operated in a negligent manner and if the truck had been operated at a lawful and careful rate of speed the street car would have had time to clear the intersection and the collision would not have occurred. Whether or not the truck increased its speed during the period about which the conductor testified is not controlling. The point in the case is that when the motorman saw the truck there was nothing to indicate to him it was about to proceed into that intersection at an unsafe rate of speed. It is true the driver of the truck testified that at the time of the collision his speed was only 15 miles per hour. If that were the speed of the truck the motorman would have had ample time to clear the path of the approaching truck. The motor-

man was entitled to believe that the truck was approaching at a safe rate of speed with due regard to the rights of others: Bowers v. Gaglione, 322 Pa. 329, 332."

We believe this case to be controlled by our quotation, supra.

Wherefore, the motion for judgment n. o. v. against Pennsylvania Transfer Company is overruled.