DeQuinze, Appellant, *v.* Milliron.

Argued October 2, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused May 10, 1963.

*James P. Gill,* with him *Edward O. Spotts* and *David Suckling,* for appellants.

*James G. Callas,* with him *John C. Millard,* for appellee.

OPINION PER CURIAM, March 19, 1963:

This is an automobile collision case in which the DeQuinzes and Milliron were involved. The cross suits in trespass were consolidated for trial and tried by a jury. The jury returned a verdict in the DeQuinzes' against Milliron case for the defendant Milliron and in the Milliron against DeQuinze case Milliron was given a verdict of $1,500. The DeQuinzes moved for a new trial in both cases and DeQuinze moved for judgment n.o.v. in the Milliron against DeQuinze case. All motions were refused and the DeQuinzes appealed only the refusal of motion for new trial and entry of

judgment on the verdict for Milliron in the case of De-Quinze against Milliron.

All of the issues in the cases are purely factual and are dependent on credibility. The court below was clearly right in refusing a new trial on the ground that the verdict was against the weight of the evidence. This is a case of contradictory testimony for resolution by the jury.

Appellants also complained that the appellee talked to jurors about the case while it was in progress. Appellee denies this. The court below held that had the incident been called to its attention at the time it could have resolved the matter by interrogating the jurors. No mention was made of the alleged incident, however, until after the jury had been discharged from service. The court then had before it only conflicting affidavits and was not justified in granting a new trial on this ground.

Judgment affirmed.