Bailey *v.* Gibbs, Appellant.
Bailey *v.* Pittsburgh Railways Company,
Appellant.

Argued March 26, 1964. Before BELL, C. J., MUS-MANNO, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John B. Nicklas, Jr.,* with him *McCrady & Nicklas,* for individual appellant.

*Leo Daniels,* with him *Prichard, Lawler & Geltz,* for railways company, appellant.

*Ralph S. Davis, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 21, 1964:

Frederick Bailey was hit by an automobile, operated by Charles W. Gibbs, shortly after alighting from a bus of the Pittsburgh Railways Company (Railways). Separate actions of trespass for personal injuries were instituted against Gibbs and Railways. The actions were consolidated for trial at which the jury returned a verdict in favor of the plaintiff and against both defendants in the amount of $6133. Railways' motion for a new trial, and Gibbs' motions for judgment n.o.v. and a new trial were denied below. Both defendants appealed from the judgments entered on the verdict.

### Gibbs' Motion for Judgment n.o.v.

It is fundamental that in evaluating the merits of this motion, the testimony must be read in a light most favorable to plaintiff's case: *Sweigert v. Mazer,* 410 Pa. 71, 188 A. 2d 472 (1963).

On the question of liability, the plaintiff testified as follows:

In midafternoon of a dreary dry winter's day, he alighted through the right front door of the bus after it came to a stop on Beaver Avenue at Adams Street in the city of Pittsburgh. The right front end of the

bus was located up against the curb and the left rear end thereof extended out into the cartway for a distance of approximately three feet. He immediately proceeded to a point approximately ten feet in front of the bus and started to walk across Beaver Avenue. When he reached a point directly in line with the left-hand or outer side of the bus, he momentarily stopped, looked first to his right and then to his left for approaching traffic. From his left, he saw the Gibbs' automobile approaching on Beaver Avenue, traveling in the middle of the roadway in the same direction as the bus and approximately 30 feet to the rear thereof, or 65 feet from the point where the plaintiff was standing. At that moment, the bus started in motion, the plaintiff took one step further into the cartway and was immediately hit by the Gibbs' automobile as it passed the bus on the left-hand side. The plaintiff could not estimate the speed of the Gibbs' automobile before or at the time of the accident. Nor could he describe where it stopped after the impact. Other uncontradicted testimony showed that the car stopped almost instantly.

Under these facts, a finding of negligence on the part of Gibbs cannot be sustained and the court below erred in not granting his motion for judgment n.o.v.

The mere happening of an accident does not prove negligence on the part of one involved: *Lesczynski v. Pittsburgh Rwys. Co.*, 409 Pa. 102, 185 A. 2d 538 (1962). Herein, there was no evidence that Gibbs' automobile was being operated too fast or at an unreasonable rate of speed. The fact that it came to a stop almost instantly after hitting plaintiff is strong evidence to the contrary. Nor does the proof establish that the plaintiff was in the cartway within the unobstructed vision of the driver of the automobile for a sufficient length of time for the latter to have seen him, appreciated the danger and avoided the collision.

See, *Grein v. Gordon,* 280 Pa. 576, 124 A. 737 (1924); *McAteer v. Highland Coffee Co.,* 291 Pa. 32, 139 A. 585 (1927); *Whalen v. Yellow Cab Co.,* 313 Pa. 97, 169 A. 97 (1933); *Covaleskie v. Schimpf,* 322 Pa. 65, 185 A. 196 (1936).

Further, assuming that Gibbs did see, or could and should have seen the plaintiff when he stopped at the outer edge of the bus, he was under no obligation to anticipate that the bus would at that moment be carelessly started in motion forcing plaintiff to suddenly proceed further into the cartway. Under the circumstances, Gibbs had the right to expect that the others involved would exercise proper care. See, *Schnitzer v. P.T.C.,* 354 Pa. 576, 47 A. 2d 709 (1946); *Martin v. Gall,* 370 Pa. 258, 87 A. 2d 925 (1952); *Hogg v. Muir,* 383 Pa. 413, 119 A. 2d 53 (1956).

The case of *Oelrich v. Kent,* 259 Pa. 407, 103 A. 109 (1918), relied upon by the plaintiff in his case against Gibbs is factually inapposite. Therein, there was testimony that the car involved was traveling at an unreasonable rate of speed and also changed its course immediately before hitting the injured plaintiff. These are not the facts here.

### Railways' Motion for a New Trial

In evaluating the merit of this motion which is based solely on the ground that the verdict was against the weight of the evidence, we must review and consider the entire record: *Ason v. Leonhart,* 402 Pa. 312, 165 A. 2d 625 (1960).

The determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily with the trial judge and his action will not be disturbed on appeal unless there is a *palpable* abuse of that discretion: *Ason v. Leonhart,* supra; *Eisert v. Jones,* 408 Pa. 73, 182 A. 2d 717

(1962). By the same token, where a verdict is capricious, or against the weight of the evidence, or results in a miscarriage of justice, it should not be allowed to stand, no matter how many new trials are necessary in the interests of justice: *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 175 A. 2d 864 (1961).

In the instant case, it is admitted that if the bus started in motion when the plaintiff was standing directly in its path, as related in his testimony, that this in itself is sufficient to sustain a finding of negligence on the part of the defendant, Railways. However, the bus driver and two other passengers testified in defense, that the bus did not move during the period of time involved, namely, after the plaintiff alighted and before he was hit by the Gibbs' automobile. Further it is pointed out that while the accident occurred on February 28, 1957, and suit was instituted against Gibbs on June 14, 1957, the action against Railways was not started until February 26, 1959. It is also urged that in explaining the reason for the delay in suing Railways, plaintiff's testimony was evasive and inconsistent. In view of all these factors, it is argued that the verdict was against the weight of the evidence and justice requires the grant of a new trial. We do not agree.

A reading of the record in its entirety clearly manifests that the question of Railways' negligence was peculiarly for the jury's determination. The plaintiff's credibility was for that body alone to resolve. A reading of his testimony, a man of sixty-four years of age, who had only completed fifth grade in school, is not persuasive of Railways' contention that he discredited himself or that his testimony is of such a quality that it should be stamped as unworthy of belief. His testimony as to how the accident occurred was clear and unshaken. The fact that it was contradicted in material part by the testimony of witnesses called by the

defense does not in itself require the grant of a new trial: *Stewart v. Ray*, 366 Pa. 134, 76 A. 2d 628 (1950), and *Joseph v. Rochester Motor Coach Co.*, 380 Pa. 189, 110 A. 2d 214 (1955).

We find no palpable abuse of discretion in the action of the court below in refusing Railways a new trial.

Judgment against Railways is affirmed.

Judgment against Gibbs is reversed and here entered for the defendant.

Mr. Chief Justice Bell dissents in part and would grant Railways a new trial.