407 A.2d 45

**Michael WEAVER**

v.

**FIRESTONE TIRE & RUBBER COMPANY, Appellant,**

v.

**ASPLUNDH TREE EXPERT COMPANY, Additional Defendant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1978.

Decided July 13, 1979.

John C. Youngman, Sr., Williamsport, for appellant.

Richard A. Gahr, Williamsport, for appellee Weaver.

No brief filed on behalf of appellee Asplundh.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

The instant appeal is from an order of the lower court granting appellee's motion for a new trial on the grounds that the verdict was against the weight of the evidence. For the reasons stated herein, we reverse the order of the lower court.

The facts pertinent to this appeal are as follows. On Wednesday, August 28, 1974, Thomas Wolf, an employee of additional defendant, took his automobile to appellant's garage in Williamsport, Lycoming County. Wolf purchased four tires and requested that they be mounted and balanced and that the front end of his vehicle be aligned. In the course of the work by appellant's mechanic, there was discussion with respect to the difficulty in aligning the vehicle caused by the air shock absorbers. With Wolf's assistance, the mechanic released some of the air from the shock absorbers and the vehicle was aligned.

Sometime during the middle of the next week, Wolf began to notice that when he applied the brakes the vehicle made a slight "clunking" noise and had a tendency to pull to the right. The condition worsened, such that on or about Friday, September 6, Wolf contacted appellant's manager and described the problem of the vehicle pulling to the right. Wolf contended that he also mentioned the clunking problem. The manager told Wolf to "bring it in directly," although Wolf claimed that he was told not to bring the vehicle in until Tuesday, September 10, because the mechanic who worked on the vehicle would be on vacation on Monday, September 9.

On Monday, September 9, Wolf, as was his custom, was using the vehicle in connection with his work for additional defendant. Appellee, also an employee of additional defendant, was a passenger in the vehicle. Wolf informed appellee that they would not be working the next day as he had to return his vehicle to the garage because it made a clunking noise and tended to pull to the right when he applied the brakes.

At or about 5:15 p. m. that day, appellee and Wolf were traveling along a gravel road at approximately twenty (20) miles per hour. Wolf applied the brakes, and the vehicle veered sharply to the right and struck a concrete bridge abutment. As a result of the collision, appellee suffered injuries principally to the knee and incurred medical expenses in excess of $2,300.

The vehicle was examined by Wolf following the accident; he observed that while the left front wheel was in its proper position, the right front wheel was at an angle to the vehicle. The alignment process for a 1967 Ford Galaxie necessitates the loosening of two bolts, one on each side, in the front of the vehicle which attach the upper A frame to the frame of the vehicle. When the vehicle has been properly aligned, the bolts are again tightened. When he examined the vehicle following the accident, Wolf noticed that the bolt on the right side was loose, and the metal under the head of the bolt was bright and shiny.

Appellee filed suit against appellant, who joined additional defendant,[1] under a theory that appellant's mechanic had negligently failed to tighten the bolt on the right side. At the completion of the trial on November 1, 1977, the jury returned its verdict in favor of appellant and additional defendant. Appellee filed motions for judgment non obstante veredicto and for a new trial. On February 22, 1978, the court below granted the motion for a new trial on the basis that the verdict was against the weight of the evidence.[2] From that order appellant appeals alleging that the

---

1. At the time of the accident on September 9, 1974, the Act of December 5, 1974, P.L. 782, § 6, 77 P.S. § 481 had not been passed. Therefore, if liability had been imputed to both appellant and additional defendant, appellant could have received credit for any benefits paid under additional defendant's workmen's compensation obligation. *See Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940).

2. The court below granted appellee's motion without the benefit of oral argument. The record establishes that appellee's brief in support of the motion was due on December 20, 1977, and that oral argument was scheduled for January 13, 1978. Appellee failed to submit his brief before the deadline, and instead filed the brief on the date of oral argument, *i. e.*, January 13, 1978. Oral argument was

court erred in awarding a new trial. We agree, and reverse the order of the court below.

The law in this Commonwealth relating to a motion for a new trial on the basis that the verdict is against the weight of the evidence has been stated as follows.

> "Where a verdict is so greatly against the weight of the evidence as to be a shock to the judicial conscience, a court has not only the right but the duty to disagree with the jury and to overturn its verdict no matter how many trials need be had in the interest of justice: *Lupi v. Keenan*, 396 Pa. 6, 151 A.2d 447." *Denman v. Rhodes*, 206 Pa.Super. 457, 460, 214 A.2d 274, 275–76 (1965).

*See, e. g., Burrell v. Philadelphia Electric Co.*, 438 Pa. 286, 265 A.2d 516 (1970). A trial judge abuses his discretion, however, if he grants a new trial merely because he would have arrived at a different conclusion than that reached by the jury. *See, e. g., Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123 (1969); *Hummel v. Womeldorf*, 426 Pa. 460, 233 A.2d 215 (1967). Finally, on appeal we need not view the evidence in the light most favorable to the verdict winner, *see Denman v. Rhodes, supra*; *cf. Austin v. Ridge, supra* 435 Pa. at 6, 255 A.2d at 125 ("we must view all the evidence in the record"), and must bear in mind that when, as in the instant case, the evidence consists primarily of oral testimony, it is for the jury to resolve factual discrepancies and issues of credibility. *See, e. g., Austin v. Ridge, supra*; *DeQuinze v. Milliron*, 410 Pa. 568, 190 A.2d 440 (1963).

Applying the above principles, we conclude that the court below erred in granting a new trial. As stated, appellee presented his case under a theory that appellant's mechanic failed to properly tighten the bolt connecting the upper A frame to the frame of the vehicle upon completing the front end alignment on August 28, 1974. In support of

rescheduled for February 24, 1978. On January 19, 1978, appellant filed his brief in the lower court opposing appellee's new trial motion. On February 22, 1978, two days prior to the rescheduled argument, the court filed its order and opinion granting appellee's motion. No reason was given by the court for its failure to wait until argument on the motions had been conducted.

this theory was the testimony of Wolf that subsequent to the accident the bolt was loose and the metal under the bolt was shiny. Appellee's expert testified that the "clunking" sound and the tendency of the automobile to pull to the right were symptomatic of an automobile on which the bolt was loose.

Appellant's expert mechanic disputed this testimony in various respects. First, he testified that it was impossible for the bolt to be loose as Wolf had testified, because the entire front end weight of the car rests on the bolts and exerts considerable pressure. The mechanic also testified that if he had failed to tighten the bolt, the clunking and steering problem would have been manifested immediately, and not approximately one week later as Wolf testified. Finally, the mechanic stated that in his assessment the Wolf vehicle was in very bad shape, an assessment that was conveyed to Wolf on August 28, 1974. The mechanic testified that the entire front end of the vehicle had been replaced with used parts, and that Wolf had performed the work himself. The work was not of top quality and, when combined with the air shock absorbers in the rear, made aligning the vehicle very difficult. The mechanic summarized by stating, "The car appeared in generally bad condition to me." (N.T. 202a). Finally, he testified that the addition of any excess weight to the vehicle, as occurred on September 9, 1974, when Wolf had his tools in the trunk, could cause the front end to go out of alignment. Moreover, the case was submitted to the jury under instructions that it must assess whether Wolf was negligent in not returning the vehicle for immediate repair or in not properly describing the symptoms in the vehicle when he contacted appellant's manager on or about September 6, 1974. Finally, the jury was instructed to determine whether appellee had been contributorily negligent for remaining in the vehicle prior to the accident after being warned by Wolf regarding the steering problems.

In light of the above summary, we must conclude that the lower court erred in granting appellee's new trial motion.

While the evidence may certainly have been sufficient to support a judgment for appellee, we do not agree that it was so overwhelming that the verdict on behalf of appellant and additional defendant "is so opposed to the facts that the judicial conscience cannot let the result stand." *Austin v. Ridge, supra* 435 Pa. at 6, 255 A.2d at 125.

Order of the lower court reversed.