455 A.2d 172

**Michael Lee LAMB, a Minor, by Carl V. LAMB and Nancy J. Lamb, his Guardians and Carl V. Lamb and Nancy J. Lamb, Individual**

v.

**Jeffrey L. GIBSON and T.H. Nelson.**

**Appeal of Jeffrey L. GIBSON.**

Superior Court of Pennsylvania.

Submitted May 20, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied May 12, 1983.

308

James B. Yelovich, Somerset, for appellant.

Eugene E. Fike, II, Somerset, for appellees.

Before ROWLEY, CIRILLO * and VAN der VOORT, JJ.

CIRILLO, Judge:

This is an appeal from an Order dated April 27, 1981, granting a new trial. This arose as a result of an automobile accident, which occurred on September 5, 1974 on Legislative Route 601, Boswell Borough, Somerset County, Pennsylvania. The defendant-appellant, Jeffrey L. Gibson, was the operator of the pick-up truck owned by defendant, T.H. Nelson, which struck four-year-old Michael Lamb, who was crossing the roadway. The resulting injuries to Michael were extensive and the incurred medical expenses substantial. The actions in trespass were begun by Michael's parents on their behalf and his against Jeffrey L. Gibson and T.H. Nelson. Subsequently, upon stipulation of the parties, Summary Judgment was granted in favor of defendant Nelson.

In 1977, the case was tried before a jury in the Court of Common Pleas of Somerset County, Judge Norman A.

* This case was assigned to the writer on October 25, 1982.

Shaulis presiding. The jury returned a verdict in favor of the defendant-appellant, Jeffrey L. Gibson. The appellees moved for judgment n.o.v. or a new trial. The trial judge, with the concurrence of President Judge Coffroth, filed an Opinion and entered an Order denying the motion for judgment n.o.v., but granting the motion for a new trial. The defendant-appellant, Gibson, appealed from the Order granting a new trial. Our Court, in an Opinion filed January 4, 1980, affirmed the lower court's Order granting a new trial. *Lamb v. Gibson*, 274 Pa.Super. 7, 417 A.2d 1224 (1980).

For a second time, the case was tried before a jury in the Court of Common Pleas of Somerset County on September 9 and 10, 1980 before Judge Shaulis. The jury again returned a verdict in favor of appellant. The appellees again moved for judgment n.o.v. or a new trial. For a second time in this case, the learned trial judge, with President Judge Coffroth, concurring, filed an Opinion denying judgment n.o.v., but granted the motion for a new trial, "[b]ecause the evidence presented at the second trial, even more strongly than that at the first trial, indicated that the defendant breached his duty of care toward plaintiff . . ." We affirm.

There is no dispute between the parties as to the circumstances of the accident. It took place on September 5, 1974 at 3:30 p.m. under normal visibility. The appellant was traveling north on Route 601. After coming out of a curve, the appellant saw two small boys some 550 feet ahead of him, running from the right-hand or easterly berm of the road to its left-hand or westerly berm. Appellant testified that he continued to travel between 35 and 40 m.p.h., after seeing the boys for the first time and until striking Michael. Neither watching them nor reducing his speed, he continued driving toward a crest in the road. When he reached the crest, appellant saw the boys between the two lanes of traffic, running from the left-hand berm about 35 feet ahead of him. Appellant applied his brakes, but nevertheless struck one of the boys, the appellee Michael Lamb.

The testimony indicates that Michael has suffered permanent brain damage, with consequent physical and intellectual handicaps. His treatment has cost nearly $60,000 up to the time of trial. Eight persons witnessed the accident, including the two boys, the appellant, and a companion riding with him.

At the second trial, after return of the verdict and the appellees' motion for a new trial, the trial court held that the appellant's evidence did not conflict with the appellees' evidence in regard to the material issue of whether or not the appellant breached his duty of care as imposed by the assured clear distance rule and the rule requiring greater than ordinary care when knowingly in the presence of children. *See, Unangst v. Whitehouse,* 235 Pa.Super. 458, 463–468, 344 A.2d 695 (1975) (explanation of the assured clear distance rule); *Schweinberg v. Irwin,* 379 Pa. 360, 363–64, 109 A.2d 181 (1954) (duty of care imposed when children are known to be in the vicinity). In his persuasive opinion accompanying the Order for a new trial, the learned trial judge noted:

> At the second trial, counsel for plaintiff introduced a geographic profile showing that the contours of the roadway permitted the defendant to be aware of the presence of children when he was as far as 600 to 700 feet away and that he was traveling at approximately 35 to 40 miles per hour just before he applied the brakes. At the first trial, no profile was introduced into evidence, the defendant testified that his speed was lower and did not so clearly indicate the amount of warning he had of the children's presence.

After reviewing the record and briefs by opposing counsel, we agree with the trial court that this evidence supports the appellant's breach of the duty of care to proceed cautiously when knowingly in the presence of children.

In *Lamb v. Gibson, supra,* 274 Pa.Super. at 12, 417 A.2d at 1226, our Court clearly described the standard of review of an Order for a new trial:

While a trial judge does not sit as a thirteenth juror entitled to substitute his judgment for that of a jury, it is his duty to review the entire record and if he concludes that the verdict is against the clear weight of the evidence or that the judicial process has effected a serious injustice, he should grant a new trial. We will only reverse such a ruling if we conclude that he acted capriciously or clearly abused the discretion vested in him. (citation omitted).

The trial judge must see to it that no verdict contrary to the weight of the evidence or shocking to the judicial conscience be allowed to stand, no matter how many new trials must be granted in order that the ends of justice may be served. *Clewell v. Pummer*, 388 Pa. 592, 599, 131 A.2d 375 (1957); *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 471, 175 A.2d 864 (1961); *Bailey v. Pittsburgh Rwys. Co.*, 414 Pa. 238, 243, 199 A.2d 460 (1964); *Denman v. Rhodes*, 206 Pa.Super. 457, 460, 214 A.2d 274 (1965); *Weaver v. Firestone Tire and Rubber Co.*, 267 Pa.Super. 548, 552, 407 A.2d 45 (1969). In the exercise of his discretion, the trial judge in the instant case precisely met his responsibility.

We find no basis in this case for holding that the lower court abused its discretion in granting a new trial.

Order affirmed.